Antonio **MOURIZ**, Plaintiff,

v.

**AVONDALE SHIPYARDS, INC.,**
**Defendant.**

Civ. A. No. 76–3436.

United States District Court,
E. D. Louisiana.

March 18, 1977.

---

1. Tr., at 14.

2. Opinion of Bankruptcy Judge, at 7.

Kenneth W. Kirchem, New Orleans, La., for plaintiff.

Robert K. McCalla, Keith Pyburn, New Orleans, La., for defendant.

ALVIN B. RUBIN, District Judge:

The plaintiff, a Caucasian whose birthplace was Cuba, has sued Avondale claiming that he was discriminated against in employment because of his national origin. He does not allege that any state action was involved, but bases his claim for relief on 42 U.S.C. § 1981 which was originally part of the Civil Rights Act of 1870. In addition he claims relief under Title VII, 42 U.S.C. § 2000e, et seq. For reasons set forth below, his claim is dismissed both because it was filed too late and because he has not stated a basis on which relief could be granted even had it been timely sought.

### I. Timeliness of the Section 1981 Claim

All suits must be timely filed. The time limit within which a law suit must be filed is frequently fixed by statute; however, neither Section 1981 nor any other federal law states a time within which Section 1981 claims must be brought. Since there is no specifically stated or otherwise relevant federal statute of limitation for a Section 1981 claim, the controlling period would ordinarily be the most appropriate one provided by state law. *Johnson v. Railway Express*, 1975, 421 U.S. 452, 95 S.Ct. 1716, 44 L.Ed.2d 295.

In determining the applicable limitation period ". . . a federal court should determine first how the state court would categorize the action and then which state limitation period would apply to the action so categorized." *Ingram v. Steven Robert Corp.*, 5 Cir. 1977, 547 F.2d 1260.

In *Ingram*, the plaintiff alleged that he had been dismissed from his job because of his race and sought reinstatement and back pay. The court determined that his action was based on a right arising in tort (*ex delicto*) and independent of the parties' employment agreement (*ex contractu*). Accordingly it held that the District Court had correctly applied the one year Alabama tort prescriptive period.

This case also involves claims of employment discrimination independent of any agreement of the parties. In *Watkins v. Scott Paper Co.*, 5 Cir. 1976, 530 F.2d 1159, 1196, the Fifth Circuit restated its holding in *United States v. Georgia Power Co.*, 5 Cir. 1971, 474 F.2d 906, 924: "The right to be free from discriminatory practices in employment is not analogous to the right of action on implied or unwritten contracts . . . Indeed it is the failure to contract for employment or promotion on an equal basis which gives rise to a Title VII action."

A Louisiana court would likely categorize this action as a tort action, and would apply the one year prescriptive period fixed by LSA C.C. Art. 3536. See *Ingram*, supra; *Wilhite v. South Central Bell Tel.*, E.D.La. 1976, 426 F.Supp. 61; *Moore v. Tangipahoa Parish*, E.D.La., December 16, 1976, C.A. 15556. See also, *Delta Theater v. Paramount Pictures*, E.D.La.1958, 158 F.Supp. 644 applying LSA C.C. Art. 3536 to an action brought under the federal antitrust laws. Although an argument can be made that this is an action for back wages, see *Ingram*, supra, at note 5, this would not change the result, because such an action

would also be subject to a one year prescriptive period under Louisiana law. LSA C.C. Art. 3534.

The plaintiff alleges that he was discriminated against as late as October 21, 1971. The period within which a Section 1981 claim may be filed is not tolled by action taken on a Title VII claim arising from the same set of facts, even though, as a result, the plaintiff may be required to pursue his judicial remedies under Section 1981 before the EEOC has completed its proceedings on his Title VII theory of relief. *Johnson,* supra, at 465, 95 S.Ct. 1716. As the last act of discrimination occurred more than one year prior to the filing of suit, and as prosecution of the Title VII claim did not toll the statute, the plaintiff's action under Section 1981 has prescribed, and accordingly must be dismissed.

II.   National origin discrimination as a violation of Section 1981

So that the record may be complete in the Court of Appeal, I will discuss the other issue raised: whether the action should be dismissed because Section 1981 does not permit a claim based on alleged discrimination stemming solely from national origin. The Fifth Circuit has apparently assumed that discrimination against Americans of Mexican descent may be based on race. *Sabala v. Western Gillette, Inc.,* 5 Cir. 1975, 516 F.2d 1251; *Alvarado v. El Paso Independent School Dist.,* 5 Cir. 1971, 445 F.2d 1011. But nothing in these decisions suggests that Section 1981 applies to persons who claim no racial discrimination. Thus claims of private discrimination based on religion or national ancestry are not afforded judicial relief by Section 1981.

III.   The Title VII action

The Title VII action also comes too late. There is no doubt that the EEOC notice reached the plaintiff's house and desk more than 90 days before he filed suit. But he contends that, because the letter laid on his desk for several days before he actually read it, the statutory time should

commence only when he became conscious of the contents of the letter.

This would be a novel interpretation of any statute requiring notice: a subpoena is effective when served, not when read; likewise a complaint takes effect when served, not when the defendant becomes conscious of its contents. Of course a notice that does not reach the party who must be notified may be ineffective. Thus the Fifth Circuit Court of Appeals has held that a plaintiff did not receive an EEOC letter delivered to his 9 year old nephew who signed the postal receipt then lost the letter. When a year later, therefore the plaintiff discovered the problem he was allowed to proceed on the basis of a second letter. *Franks v. Bowman Trans. Co.,* 5 Cir. 1974, 495 F.2d 398, aff'd 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444.

But in this case the letter was received at the plaintiff's household by his wife, and placed on his desk. The plaintiff may not have held the letter in his hand the day it was delivered, but it was certainly in his possession. If he might delay in reading his mail for 2 days and toll the statute, he might delay in doing so for 2 weeks.

"Such periods are established to cut off rights, justifiable or not, that might otherwise be asserted and they must be strictly adhered to by the judiciary. Remedies for resulting inequities are to be provided by Congress, not the Courts." *Kavanagh v. Noble,* 1947, 332 U.S. 535, 539, 68 S.Ct. 235, 237, 92 L.Ed. 150.

Avondale's motion to dismiss is therefore GRANTED.