**Charles E. LEWIS, Plaintiff-Appellant,**

v.

**CONNERS STEEL COMPANY, Defendant-Appellee.**

No. 80–7721.

United States Court of Appeals, Eleventh Circuit.

April 23, 1982.

Robert L. Wiggins, Jr., Birmingham, Ala., for plaintiff-appellant.

Cabaniss, Johnston, Gardner, Dumas & O'Neal, William F. Gardner, Birmingham, Ala., for defendant-appellee.

Before GODBOLD, Chief Judge, RONEY and WOOD *, Circuit Judges.

PER CURIAM:

Plaintiff, Charles Lewis, appeals the dismissal of his suit under Title VII of the Civil Rights Act of 1964 [1] against his former employer, Conners Steel Company, alleging he was discharged because he was Black. The court dismissed the suit as untimely on the basis that it had been filed more than ninety days after notice that the Equal Employment Opportunity Commission was terminating any further processing of plaintiff's charge.[2] The court charged plaintiff with constructive receipt of the EEOC notice at an earlier time than plain-

tiff claimed actual receipt, and also found alternatively that plaintiff's denial that he had received actual notice at the time of the constructive notice not to be credible.

I.

The background facts are not in dispute. Plaintiff was discharged by Conners Steel on September 13, 1977. That discharge was upheld by an arbitrator in a grievance proceeding. Thereafter, plaintiff on March 7, 1978 filed a charge with EEOC alleging his discharge was racially motivated. On July 13, 1979 plaintiff wrote EEOC requesting a right to sue letter, giving his return address as 29 13th Avenue No., Birmingham, Alabama, where he was temporarily residing with a friend. Later in July, plaintiff called EEOC to inquire about the right to sue letter. However, there is a dispute as to whether or not he was informed that he could pick up the letter from EEOC at that time, but in any event he did not. On August 6, 1979 EEOC sent the letter by registered mail to plaintiff at the Birmingham address, but in the meantime plaintiff had moved to Dolomite, Alabama. EEOC records show that the return receipt was received back by EEOC on August 9, 1979, but the receipt itself has not been found. It therefore cannot be determined who, if anyone, signed the receipt. Plaintiff denied that he had received the letter, but the court did not credit plaintiff's denial of actual receipt. On November 9, 1979 plaintiff went to the EEOC to inquire about the letter. What happened there is in dispute. Plaintiff claims that he was given a copy of the letter which he immediately took to his attorney. This lawsuit was filed four days later, more than ninety days after the court determined constructive or actual receipt to be in August, 1979. The EEOC file does

---

* Honorable Harlington Wood, Jr., U. S. Circuit Judge for the Seventh Circuit, sitting by designation.

1. 42 U.S.C. § 2000e et seq.

2. 42 U.S.C. § 2000e–5(f) provides in part that "within 90 days after the giving of such respondent named in the charge...." While filing of suit within the statutory time is no longer considered jurisdictional, "[c]om-

pliance with the ... time period ... is a statutory requirement for presentation of the claim, and failure to do so admits a defense analogous to a statute of limitations." *Sessions v. Rusk State Hospital,* 648 F.2d 1066, 1069–70 (5th Cir. 1981). Because we remand the case for further consideration of when plaintiff received notice, we leave for original presentation to the district court plaintiff's contention that this change in characterization of the

not indicate that plaintiff was given a copy. The court took the view that plaintiff was permitted access to his EEOC file and removed the August letter return receipt from that file, which plaintiff denies.

## II.

Consideration of the applicable law must begin with *Franks v. Bowman Transportation Co.*, 495 F.2d 398 (5th Cir. 1974), *rev'd on other grounds*, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976). After his discharge as an employee, and the failure of EEOC to conciliate the dispute, Franks, a Black, brought his Title VII action after the issuance of a second "right to sue" letter. The first letter had been delivered by certified mail to the correct address of Franks and receipted for by his nine year old nephew. The nephew lost the letter, and although Franks knew some letter had been received, he personally never saw or received that letter. His suit was timely only if the first letter upon its delivery did not trigger the running of the statutory period.[3] The court held that the statutory notification took place only upon actual receipt by Franks. Construing the act liberally, the court held that the application of the "constructive receipt" doctrine would not serve the remedial purposes of the act. The court expressed the view that "Congress did not intend to condition a claimant's right to sue ... on fortuitous circumstances or events beyond his control...." 495 F.2d at 404. The court concluded where "it is shown that the claimant through no fault of his own has failed to receive the suit letter ... the delivery of the letter to the mailing address cannot be considered to constitute statutory notification." 495 F.2d at 405.

The Seventh Circuit in *Archie v. Chicago Truck Drivers*, 585 F.2d 210 (7th Cir. 1978), Wood, J., dissenting in part, followed the lead of *Franks*. In *Archie* the letter was received at the correct address by Archie's wife who, it was claimed, failed to give it to him. Constructive receipt was held not applicable. *Accord, Bell v. Brown*, 557 F.2d 849 (D.C.Cir.1977); *Craig v. Department of Health & Welfare*, 581 F.2d 189 (8th Cir. 1978). However, in *Decker v. Anheuser-Busch*, 632 F.2d 1221 (5th Cir. 1980), the court states that "the discussion of the constructive receipt doctrine in *Franks* must be viewed in the light of the facts of that case." 632 F.2d at 1222. *Decker* involved receipt of the letter by complainant's attorney. It was held that the notice was effective from the time of its delivery to the attorney's office and not when the letter actually came to the attorney's attention. The court refers with approval to *Mouriz v. Avondale Shipyards, Inc.*, 428 F.Supp. 1025 (E.D.La.1977), in which the notice was received by the wife of complainant at his residence, but did not come to his personal attention until later. That "subjective, open-ended extension" was rejected, and it was held that the time began to run when the letter was delivered to the residence.[4]

## III.

We need not embrace the doctrine of constructive receipt, nor close our eyes to the liberal construction the act is entitled to in order to fashion a fair and reasonable rule for the circumstances of this case. There is no reason why a plaintiff should enjoy a manipulable open-ended time extension which could render the statutory limitation meaningless. Plaintiff should be required to assume some minimum responsibility himself for an orderly and expeditious resolution of his dispute.

In this case, the trial court indicated a belief that the letter had gone to the last known address of the plaintiff in Birmingham, and in part based the suit's dismissal on the fault of plaintiff in not supplying

---

time requirement alters the burden of pleading and proof.

**3.** At the time of *Franks*, the statutory limitation period was thirty days, but in 1972 was extended to ninety days.

**4.** It appears, therefore, that the Seventh Circuit in *Archie, supra,* followed the Fifth Circuit's holding in *Franks* further than the Fifth Circuit itself was willing to do.

EEOC with his current address in Dolomite so as to assure receipt of the letter. Plaintiff claimed that the court adopted a fault theory which constructively appointed plaintiff's former roommate at the Birmingham address as his agent for the receipt of mail. Plaintiff argues that the court's theory was not asserted by either party and took him by surprise. When the hearing had concluded and the trial judge had given some indication of the fault issue as he saw it, the plaintiff attempted to reopen his case to offer evidence that he had notified the EEOC of his correct and current address. The court denied the request as untimely.

■ We believe it to be fair and reasonable for the plaintiff, as suggested by the trial judge, to assume the burden of advising the EEOC of address changes or to take other reasonable steps to ensure delivery of the notice to his current address. Whether plaintiff did or did not, we cannot tell without knowing what his evidence may be. If he did not contribute that minimum assistance to the process, he should not be heard to complain that he did not receive the letter delivered to the last address known to the EEOC, unless he can show, in the words of *Franks* that other "fortuitous circumstances" or "events beyond his control" intervened, 495 F.2d at 404, and that he "through no fault of his own" failed to receive the suit letter, 495 F.2d at 405. Placement of this *de minimis* burden on the plaintiff also comports with the legislative purpose undergirding the ninety-day filing period, which "is a protection to the employer and is plainly there for its benefit alone." *Zambuto v. American Telephone & Telegraph Co.,* 544 F.2d 1333, 1335 (5th Cir. 1977); *see Archie,* 585 F.2d at 222–23 (Wood, J., dissenting in part); *Mouriz,* 428 F.Supp. at 1027.

■ We find the inferences adverse to plaintiff which the court drew from the other uncertain evidence that the plaintiff actually received the letter sent to the temporary address, and then later removed the return receipt from the EEOC file not to be sufficiently supported by the evidence. If the plaintiff can establish that it was through no fault of his that the letter was sent to his temporary Birmingham address, then the plaintiff should not be held to a limitation period beginning to run at that time, unless, in spite of the incorrect address, he actually received the letter.

The credibility of the plaintiff has been seriously questioned. However, there is no way to judge the credibility of any additional address evidence until that evidence and its source are heard and considered. Were it not for the fact that the alleged fault of plaintiff in not notifying the EEOC of his current address was an issue first raised by the court, not the parties, at the close of the case, we would not disturb the court's exercise of discretion in declining to reopen the evidence. In these circumstances, however, any evidence of notice of a change of address which plaintiff may have should be heard.

The result the court reached may in the end be the correct result, but the dismissal cannot be allowed to stand on the present record.

REVERSED AND REMANDED for additional proceedings consistent with this opinion.