**Eldridge LAW, Plaintiff-Appellant,**

v.

**HERCULES, INC., Defendant-Appellee.**

No. 83–7088
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 29, 1983.

Brown & Burrell, Robin L. Burrell, Birmingham, Ala., for plaintiff-appellant.

Gary M. London, Thomas Taliaferro, Forman, Burr & Murr, William F. Murray, Jr., Birmingham, Ala., for defendant-appellee.

Before FAY, VANCE and KRAVITCH, Circuit Judges.

PER CURIAM:

The sole issue presented by this appeal is whether Eldridge Law's complaint filed pursuant to Title VII, 42 U.S.C. § 2000e, is barred by the provision of 42 U.S.C. § 2000e–5(f) which provides that the Equal Employment Opportunity Commission (EEOC) must notify an aggrieved party that it is terminating action on the charge and "within ninety days after the giving of such notice a civil action may be brought."

The parties agree that the essential facts are not in dispute. On March 31, 1981, the EEOC issued a Notice of Right to Sue, sent by certified mail to Eldridge Law. This piece of certified mail was picked up at the post office on April 14, 1981 by Mr. Law's son, Chester, a seventeen year old high school student, at the request of his mother, Mr. Law's wife. Chester Law took the letter home and placed it on the kitchen table. Eldridge Law received the notice "one or two days later." Law commenced suit on July 14, 1981, ninety-one days after the notice was signed for by his son. On defendant's motion, the district court entered summary judgment for the defendant based on the failure to comply with the ninety day deadline imposed by 42 U.S.C. § 2000e–5(f).

On appeal Eldridge Law urges adoption of an actual receipt rule contending that his complaint is timely since he did not receive the notice until "one or two days" after it was picked up at the post office. In *Lewis v. Conners Steel Co.*, 673 F.2d 1240 (11th Cir.1982), we confronted the issue of the notice being sent to a possibly outdated address, and stated:

> We need not embrace the doctrine of constructive receipt, nor close our eyes to the liberal construction the act is entitled to in order to fashion a fair and reasonable rule for the circumstances of this case. There is no reason why a plaintiff should enjoy a manipulable open-ended time extension which would render the statutory limitation meaningless. Plaintiff should be required to assume some minimum responsibility himself for an orderly and expeditious resolution of his dispute.

*Id.* at 1242. In *Bell v. Eagle Motor Lines*, 693 F.2d 1086 (11th Cir.1982), we were presented with a situation where the notice of right to sue letter was signed for by Bell's wife on December 18, 1979, but Bell claimed he was out of town and first learned of the letter on December 26, 1979. "Approaching the issue on a case by case

basis as we did in *Lewis*," we found that "the receipt of the EEOC notice by Bell's wife at his residence triggered the running of the 90 day period." *Id.* at 1087.

This case is not significantly distinguishable from *Bell*. Eldridge Law was living at home at the time of the receipt of the letter, which was picked up by his seventeen year old son and placed on the kitchen table. To allow additional time based on a claim that the letter was not actually received by Eldridge Law until "one or two days later," would be to foster a "manipulable open-ended time extension which would render the statutory limitation meaningless." *Lewis*, 673 F.2d at 1242.

We therefore agree with the district court that Law's Title VII claim is foreclosed by 42 U.S.C. § 2000e–5(f) and the entry of summary judgment is AFFIRMED.