James A. Wood, Israel and Wood, P.C., Pittsburgh, Pa., for plaintiff.

Joseph E. Schmitt, Pittsburgh, Pa., Anthony A. DeSabato, Philadelphia, Pa., for defendant.

**Deborah OSWALD, Plaintiff,**

v.

**VEEDER ROOT COMPANY, Defendant.**

**Civ. A. No. 87–287.**

United States District Court, W.D. Pennsylvania.

June 25, 1987.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiff filed this Title VII action alleging sex discrimination in employment. Defendant then filed a Motion for summary judgment, averring that plaintiff failed to file this action within 90 days of receipt of an EEOC Right to Sue Notice, as required by 42 U.S.C. § 2000(e)–(5)(f)(1).

The EEOC issued a right to sue notice on July 28, 1986 which was sent by certified mail to plaintiff's home address. The return receipt is dated July 31, 1986 and is signed by Dawn Oswald. The record does not reveal the age of Dawn Oswald or her relationship to the plaintiff. This suit was filed on November 17, 1986.

Plaintiff responded to the motion with a cursory brief and no evidentiary material.

In the brief plaintiff's counsel states that plaintiff denies having received the July 28, 1986 letter, but there is no affidavit or other evidentiary material to support that assertion. There is no explanation, let alone evidentiary material, concerning the circumstances of the receipt by Dawn Oswald, nor any indication of who Dawn Oswald is. Counsel also makes a cryptic reference to a second letter from the EEOC dated October 28, 1986, but fails to append the letter or explain its import and the circumstances under which it arose.

■ There has been considerable debate in the courts over the timing of the 90 day period for filing suit. Several courts have required actual receipt by the plaintiff as the trigger to the running of the 90 day period, even though the notice was earlier delivered to the plaintiff's residence and received by another member of the household. *Archie v. Chicago Truck Drivers,* 585 F.2d 210 (7th Cir.1978) (letter received by plaintiff's wife who delayed nine days before giving it to plaintiff. Time begins to run on day plaintiff actually received the letter); *Killingham v. Board of Governors of State Colleges and Universities,* 549 F.Supp. 225 (N.D.Ill.1982) (letter received by plaintiff's mom, given to plaintiff next day. Time begins to run on actual receipt by plaintiff).

To our mind, the better rule starts the 90 day period upon delivery to the address provided by plaintiff, *unless* plaintiff raises equitable considerations which would justify tolling. *Espinoza v. Missouri Pacific Railroad Co.,* 754 F.2d 1247 (5th Cir.1985). An apt illustration is provided by *Franks v. Bowman Transportation Co.,* 495 F.2d 398, (5th Cir.1974), rev'd on other grounds, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976). There plaintiff's right to sue notice was received and lost by plaintiff's 9 year old nephew. Plaintiff never received the letter and knew only that one was received and lost, but did not know the contents, or the identity of the sender. In these circumstances, the 90 day period was tolled.

In the absence of equitable considerations, the delivery of the EEOC's notice to plaintiff's home address triggers the start of the 90 day period, even though plaintiff does not actually receive the notice until some time later, *Espinoza,* 754 F.2d 1247; *Law v. Hercules, Inc.,* 713 F.2d 691 (11th Cir.1983) (receipt by 17 year old son); *Bell v. Eagle Motor Lines,* 693 F.2d 1086 (11th Cir.1982) (receipt by wife); *Mouriz v. Avondale Shipyards, Inc,.* 428 F.Supp. 1025 (E.D.La.1977) (receipt by wife). The touchstone of this rule was first recited in *Lewis v. Conners Steel Co.,* 673 F.2d 1240, 1242 (11th Cir.1982) and has since been widely quoted:

> There is no reason why a plaintiff should enjoy a manipulable open-ended time extension which could render the statutory limitation meaningless. Plaintiff should be required to assume some minimum responsibility himself for an orderly and expeditious resolution of his dispute.

■ Finally, we note that under Fed.R. Civ.P. 56(e), a party may not rely on the averments of her pleadings to defeat a motion for summary judgment, but must advance such evidentiary material as will raise a disputed issue of material fact. In this specific setting, plaintiff must present evidence of such equitable considerations as would justify tolling of the 90 day period. As described above, plaintiff has failed to submit any evidentiary material whatsoever. Therefore, because defendant has established by undisputed evidence that the EEOC right to sue letter was delivered to plaintiff's home on July 31, 1986, and suit was not filed within 90 days of that date, and plaintiff has failed to advance any evidentiary material to justify equitable tolling, summary judgment in favor of the defendant on the Title VII claim is unavoidable.

Plaintiff's counsel indicated at the status conference that claims under the Age Discrimination in Employment Act, Equal Pay Act, and Fair Labor Standards Act were abandoned. All that remains is plaintiff's common law claim for intentional infliction of emotional distress. Because the grounds for federal subject matter jurisdiction have evaporated at such an early stage, we decline to exercise pendent jurisdiction over the state cause of action, and

the case will therefore be dismissed in its entirety.