Kathleen **BYRNES**, Plaintiff,

v.

**HERION, INC.**, Defendant.

Civ. A. No. 90–0318.

United States District Court, W.D. Pennsylvania.

Oct. 12, 1990.

James E. DePasquale, Pittsburgh, Pa., for plaintiff.

Joseph A. Vater, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

LEE, District Judge.

On February 20, 1990, plaintiff filed this action against defendant, Herion, Inc., alleging defendant discriminated against her by violating her rights under Title VII and the Equal Pay Act. 42 U.S.C. § 2000e–5(f)(3) (July 2, 1964, P.L. 88–352, Title VII, § 706, 78 Stat. 259; March 24, 1972, P.L. 92–261, § 4, 86 Stat. 104), and 28 U.S.C. § 1343 (As amended Dec. 29, 1979, P.L. 96–170, § 2, 93 Stat. 1284). Specifically, plaintiff contends defendant's behavior constitutes sexual discrimination in that she was paid a smaller salary than that paid to her male predecessor who allegedly performed substantially the same work. On September 18, 1990, following the close of discovery, defendant filed its Motion for Summary Judgment pursuant to Rule 56(b) of the Federal Rule of Civil Procedure. A review of the facts will be necessary prior to reaching the merits of defendant's Motion.

## BACKGROUND

The following undisputed facts are before the Court. Plaintiff is a 1985 graduate of Edinboro University from which she holds a Bachelor of Arts Degree in Accounting with a minor in computer sciences. Plaintiff's *curriculum vitae* indicates she was hired by the University of Pittsburgh in August of 1985, where she served as an accountant with responsibilities in the area of student accounts. Defendant contends plaintiff's prior position was "not an accounting position." (Page 2 of Defendant's Reply Brief). In her deposition, plaintiff indicates she also worked for the public accounting firm of Chamberlin Shaffer for a two month period prior to her taking a position with defendant. These two positions appear to reflect the extent of plaintiff's accounting-related experience prior to her employment by defendant.

On March 23, 1987, Plaintiff was hired by defendant as a staff accountant at an annual salary of $16,000.00. At the time of her hiring, David Grayson was Controller of defendant company. Parenthetically, we note the position of Controller is also referred to as Chief Accountant. Grayson terminated his employment with defendant in October of 1987. Plaintiff did not formally apply for the Controller vacancy because she did not have enough experience. (Byrnes Depo. at 24, 25).

On November 4, 1987, David Kosar was hired by defendant to serve as Chief Accountant at an annual salary of $28,000.00. Kosar is a 1973 graduate of Westminster College from which he holds a Bachelor of Science degree in accounting. From 1974 through 1980, Kosar was employed by the Aetna Standard Engineering Company where he served as a general accountant and a cost accountant and billing supervisor. From 1980 to 1986, he served as controller for the Pittsburgh Computer Service Corporation. Immediately prior to being hired by defendant, he was a senior ac-

[redacted] 

countant for Tetra Engineered Systems and Tetra Recovery Systems.

Mr. Kosar's abilities failed to meet defendant's expectations and according to his employee record, Kosar's last day with defendant company was August 31, 1988.

From March of 1987 through March of 1988, it appears plaintiff satisfactorily performed her duties inasmuch as there is no indication in her employee record to suggest otherwise. On March 23, 1988, plaintiff's salary was increased from $16,000.00 to $17,600.00. Plaintiff's record further indicates she was promoted to Chief Accountant on July 1, 1988 at a salary of $19,-200.00. On January 27, 1989, plaintiff's salary was increased to $23,000.00, a figure which was approximately $1,000.00 short of the figure plaintiff requested. Thereafter, on February 20, 1990, plaintiff filed a civil complaint alleging violations of Title VII and the Equal Pay Act.

ANALYSIS

[redacted] The Purpose of Title VII is solely to eliminate discrimination due to class membership; it is not designed to address labor-management relations or other problems which an employee believes must be corrected in the workplace. It is the Court's task "not to assess the 'wisdom' of employment decisions but rather to determine whether an employer's procedures comport with the law." *Parker v. Board of School Commissioners,* 729 F.2d 524 (7th Cir. 1984).

[redacted] Plaintiff's theory of disparate treatment must be supported by a demonstration that she has suffered from some adverse employment action and that such action was a purposeful or intentional discrimination on the basis of her gender. See *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Lewis v. University of Pittsburgh,* 725 F.2d 910 (3d Cir.1983), cert. denied, 469 U.S. 892, 105 S.Ct. 266, 83 L.Ed.2d 202 (1984). The facts necessary to establish a case of prima facie discrimination vary according to the type of case presented. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 n. 13, 93 S.Ct. 1817, 1824 n. 13, 36 L.Ed.2d 668 (1973). However, if plaintiff can show that similarly situated non-minority employees were treated differently than she, one reasonably could conclude that she has established her prima facie case. *Massarsky v. General Motors Corp.,* 706 F.2d 111, 118 (3d Cir.1983).

[redacted] If plaintiff succeeds in making out her prima facie case, it becomes employer's burden to articulate "some legitimate, non-discriminatory reason" for the way it has treated employee. If the employer is able to do this, the burden shifts to plaintiff to persuade the finder of fact, by a preponderance of the evidence, that the employer's asserted reason for its action was merely a pretext for unlawful discrimination. *McDonnell Douglas, supra,* 411 U.S. at 802, 93 S.Ct. at 1824. Plaintiff may rely on either direct or circumstantial evidence to help her establish that the adverse action was motivated by discriminatory intent and not by defendant's proffered pre-textual explanation. *United States Postal Service Bd. of Governors v. Aikens,* 460 U.S. 711, 714 n. 3, 103 S.Ct. 1478, 1481 n. 3, 75 L.Ed.2d 403 (1983); *Chipollini v. Spencer Gifts,* 814 F.2d 893, 899 (3d Cir.1987), cert. dismissed, 483 U.S. 1052, 108 S.Ct. 26, 97 L.Ed.2d 815 (1987).

Defendant has moved for this Court to grant summary judgement in its favor on two counts, (1) defendant argues plaintiff's Title VII claim is barred due to an untimely filing of her claim, and (2) that no genuine issue of fact exists regarding defendant's evidence which demonstrates a lack of gender-based discrimination.

[redacted] A court may enter summary judgment when the moving party demonstrates the absence of a genuine issue of material fact and it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). However, the mere existence of a dispute between the parties of something other than a material issue of fact is an insufficient basis on which to deny a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). A

factual issue is material if its resolution will affect the outcome of the suit. *Id.* The non-moving party bears the burden of presenting evidence to show that a genuine, material issue exists. *Id.* at 248–49, 106 S.Ct. at 2510–11. Further, the Court must accept the evidence of the non-moving party for the purpose of deciding the motion and all reasonable inferences must be drawn in that party's favor. *Pollock v. American Telephone & Telegraph Long Lines,* 794 F.2d 860 (3d Cir.1986). The role of the Court in deciding a summary judgment motion is not "to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 249, 106 S.Ct. at 2511. Summary judgment must be granted against a party who is unable to establish an element essential to her case and as to which she bears the burden of proof. Citations omitted.

To preclude summary judgment, "the plaintiff must be able to adduce evidence, whether direct or circumstantial, from which a reasonable jury could conclude that the defendant's explanation is incredible." *Chauhan v. M. Alfieri Co.,* 897 F.2d 123, 128 (3d Cir.1990). "A plaintiff who has made a prima facie showing of discrimination need only point to evidence establishing a reasonable inference that the employer's proffered explanation is unworthy of credence." *Id.* at 127.

## DISCUSSION

### I. Timeliness

■ In March of 1988, plaintiff contends she began performing the duties of chief accountant at a pay of $12,000.00 per year less than the chief accountant she replaced. Plaintiff further contends she continued to serve as the chief accountant *de facto* at the same pay rate through June of 1988. Our reading of Plaintiff's Complaint leads us to conclude that defendant's alleged discriminatory practices were identified by plaintiff to have occurred as early as March of 1988. See Complaint at ¶ 5.

Defendant challenges plaintiff's standing to sue arguing plaintiff's EEOC charge was filed more than the 300 days required under the enforcement section of Title VII which provides:

> A charge under this section shall be filed ... within 300 days after the alleged unlawful employment practice occurred.

42 U.S.C. § 2000e–5(e).

■ Plaintiff does not specifically set forth the precise date on which the alleged discriminatory practice was to have taken place. Rather, plaintiff contends in her Complaint that she served as *de facto* chief accountant beginning in March of 1988 at a pay of $12,000.00 less than the chief accountant she replaced. In view of plaintiff's verified representation to the Court, it would be anomalous to conclude that plaintiff first became aware of defendant's purported discriminatory practice at any time other than March of 1988. Plaintiff filed her discrimination charge on February 20, 1989. Even if we take plaintiff's representation to indicate that she first became aware of defendant's discriminatory practice on the final day of March, 1988, she still has filed her complaint 27 days in excess of the time limit prescribed by the enforcement section of Title VII.[1] Plaintiff argues that the filing period is not jurisdic-

---

1. Following the dismissal by the EEOC of a Charging Party's complaint, the Charging Party may pursue her Complaint in the Federal District Court by filing suit within 90 days of the effective date of the dismissal. In the instant case, on June 22, 1989, the Commission concluded that the evidence failed to establish a violation of Title VII and the EPA. The Charging Party filed a Request for Review and on November 17, 1989, the Commission issued its finding of agreement with the Commission's earlier no cause determination. In *Oswald v. Veeder Root Company,* 662 F.Supp. 952 (W.D.Pa. 1987), the Court determined that in the absence of equitable considerations, the delivery of an EEOC's notice at plaintiff's home address triggers the start of the 90 day period. Since this record is devoid of any precise factual basis on which the Court can determine when plaintiff received notice of the Commission's November 17, 1989 response, we are unable to conclude that plaintiff's action was commenced within 90 days of the Commission's determination. However, because we have concluded that plaintiff's Title VII claim is time barred, we do not need to reach this issue.

tional and is merely in the nature of a statute of limitations which can be waived or tolled. *Bonham v. Dresser Industries*, 569 F.2d 187 (3rd Cir.1977). In this light, the basis of plaintiff's argument is that the defense of late filing was never raised at the EEOC and should be deemed as waived.

Plaintiff has failed to argue any facts which could give rise to a disputed issue of tolling or estoppel. Moreover, we cannot agree with plaintiff's position inasmuch as an administrative proceeding before the Commission is not adversarial by nature thus depriving defendant of any method by which it could have asserted an objection. Finally, we are unable to find any authority for the proposition that a waiver under these circumstances would be appropriate. Based upon the foregoing, it is our determination that plaintiff's Title VII claim is time-barred under 42 U.S.C. § 2000e–5(e).

 The remaining issue for our review is that portion of defendant's Motion for Summary Judgment regarding plaintiff's claim under the Equal Pay Act. 29 U.S.C. § 206(d)(1). While plaintiff bears the initial burden of proving the parties in question were performing equal work for different pay, the burden shifts to the employer to show there is a legitimate reason for the discrepancy in pay. Afterwards, the burden shifts back to plaintiff to establish that the reason proffered by defendant is only a pretext. *Chipollini v. Spencer Gifts, supra.*

In relevant part, the Equal Pay Act provides:

No employer ... shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays his employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort and responsibility, and which is performed under similar working conditions ...

29 U.S.C. § 206(d)(1).

This section further provides that different rates of pay are permissible when made pursuant to (i) seniority systems, (ii) a merit system, (iii) a system which measures earnings by quantity or quality of production, or (iv) a differential based upon any factor other than sex. 29 U.S.C. § 206(d)(1).

 Viewing all of the inferences as we must in favor of the non-moving party, we find a material issue of fact exists on the issue of disparate salary. Therefore summary judgment in this regard will be denied.