[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11747
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cv-00423-WS-WCS


MCCARROL PAGE,

Plaintiff-Appellant,

versus

POSTMASTER GENERAL AND CHIEF
EXECUTIVE OFFICER OF THE UNITED
STATES POSTAL SERVICE,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(October 30, 2012)

Before BARKETT, JORDAN and FAY, Circuit Judges.

PER CURIAM:

McCarrol Page, an African-American man, appeals the district court's dismissal of his employment discrimination complaint against his former employer, the Postmaster General of the U.S. Postal Service ("the Postal Service"), that alleged race and disability discrimination in violation of 42 U.S.C. § 2000e-16 ("Title VII"), and 29 U.S.C. §§ 791, 794 ("the Rehabilitation Act").

On appeal, Page argues that the district court erred by granting the Postal Service's renewed motion to dismiss the complaint as time-barred because the Postal Service's final agency decision was not served on him by certified mail, and, thus, no evidence existed that he or anyone connected to him received the document. Additionally, the district court ignored the fact that Page was represented by counsel, which the Postal Service knew when it sent its decision to Page's last known address. Relying on *Stallworth v. Wells Fargo Armored Servs. Corp.*, 936 F.2d 522 (11th Cir. 1991), Page argues that he notified the administrative law judge assigned to his case, and the attorney for the Postal Service, that he was cancelling his Equal Employment Opportunity Commission ("EEOC") administrative proceedings and desired a final agency decision so that he could file suit in the district court. Furthermore, on April 27, 2011, Page's counsel sent a fax to the attorney for the Postal Service requesting the agency's final decision. Finally, Page maintains that the district court prematurely dismissed the case without allowing the parties to develop the record, and that he was entitled

2

to equitable tolling based on his attorney's efforts to ensure that the final decision would be sent to his attorney's office.

We review *de novo* a district court's grant of a Fed.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim. *See Lopez v. Target Corp.*, 676 F.3d 1230, 1232 (11th Cir. 2012). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The allegations in the complaint must be accepted as true, and the facts must be construed in the light most favorable to the plaintiff. *Lopez*, 676 F.3d at 1232. Exhibits attached to the complaint are treated as part of the complaint for Rule 12(b)(6) purposes. *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215-16 (11th Cir. 2012); *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) ("When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto." (quotations omitted)).

"If matters outside the pleadings are presented by the parties and considered by the district court, the Rule 12(b)(6) motion must be converted into a [Fed.R.Civ.P.] 56 summary judgment motion." *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *see also* Fed.R.Civ.P. 12(d). Nevertheless, "[i]n ruling upon a motion

to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *Speaker*, 623 F.3d at 1379 (quotation omitted).  In adjudicating a motion to dismiss, the district court may not resolve factual disputes.  *See Chappell v. Goltsman*, 186 F.2d 215, 218 (5th Cir. 1950); *cf. Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (indicating that, under Rule 12(b)(6), the existence of disputed material facts precludes the district court from granting a motion to dismiss).

Title 42 U.S.C. § 2000e-16 prohibits federal agencies, including the Postal Service, from making personnel actions that discriminate "based on race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-16(a).  After pursuing administrative remedies concerning alleged discrimination by a federal employer, a plaintiff may request an immediate final decision from the agency concerning his complaint of discrimination.  *See* 29 C.F.R. § 1614.110(b).  The agency is required to issue the decision within 60 days of receiving notification that a final decision has been requested.  *Id.*  "Within 90 days of receipt of notice of final action taken by [the agency] . . . an employee or applicant for employment, if aggrieved by the final disposition of his complaint . . . may file a civil action as provided in section 2000e-5."  42 U.S.C. § 2000e-16(c).  Section 2000e-5, in turn, allows an employee to file an action in the district court within 90 days of receiving a final agency decision or right-to-sue letter.  *See id.* § 2000e-5(f)(1); *see also Norris v. Fla.*

4

*Dep't of Health & Rehabilitative Servs.*, 730 F.2d 682, 682 (11th Cir. 1984); 29 C.F.R. § 1614.407.

Similarly, the Rehabilitation Act prohibits the Postal Service from discriminating against any qualified individual with a disability solely on the basis of his disability. 29 U.S.C. § 794(a). The statute provides that the remedies, procedures, and rights established in 42 U.S.C. § 2000e-5 are available to any person suing under the Rehabilitation Act. 29 U.S.C. § 794a(a). Thus, "[a] complainant who has filed an individual complaint . . . is authorized under . . . the Rehabilitation Act to file a civil action in an appropriate United States District Court" within 90 days of receiving the final agency decision. *See* 29 C.F.R. § 1614.407(a).

We have explained that the 90-day statute of limitations for filing a suit in the district court commences upon receipt of a right-to-sue letter. *Stallworth*, 936 F.2d at 524. "However, a plaintiff is required to assume some minimal responsibility to ensure receipt." *Id.* We have "adopted a case-by-case approach in determining what constitutes receipt and when the time is triggered." *Id.* This case-by-case approach allows us "to fashion a fair and reasonable rule for the circumstances of each case" that requires plaintiffs "to assume some minimum responsibility in resolving their claims" without conditioning the plaintiff's right to sue "on fortuitous circumstances or events." *Zillyette v. Capital One Fin. Corp.*,

5

179 F.3d 1337, 1342 (11th Cir. 1999) (quotation omitted).  In addition, traditional equitable tolling rules are applicable in employment discrimination actions against government employers.  *See id.* at 1340.

We have considered when the 90-day deadline commences and the plaintiff's burden to ensure receipt of a right-to-sue letter in the context of discrimination suits against private employers.  For instance, in *Lewis v. Conners Steel Co.*, 673 F.2d 1240, 1241 (11th Cir. 1982), the plaintiff wrote to the EEOC requesting a right-to-sue letter, and gave a return address in Birmingham, Alabama, where he was temporarily living with a friend.  Nearly one month later, the EEOC sent a right-to-sue letter to the plaintiff at the Birmingham address, but, in the interim, the plaintiff had moved to Dolomite, Alabama.  *Id.*  After holding a hearing, the district court indicated that it believed that the right-to-sue letter had gone to the plaintiff's last known address in Birmingham, and dismissed the suit in part based on the plaintiff's failure to supply the EEOC with his current address in Dolomite so as to assure receipt of the letter.  *Id.* at 1242-43.

In reversing and remanding to the district court for an evidentiary hearing, we explained that it was "fair and reasonable for the plaintiff . . . to assume the burden of advising the EEOC of address changes or to take other reasonable steps to ensure delivery of the notice to his current address."  *Id.* at 1243.

Thus, if the plaintiff

> did not contribute that minimum assistance to the process, he
> should not be heard to complain that he did not receive the
> letter delivered to the last address known to the EEOC, unless
> he can show . . . that other fortuitous circumstances or events
> beyond his control intervened, and that he through no fault of
> his own failed to receive the suit letter.

*Id.* (citation and quotations omitted). We were unable to determine, however, whether the plaintiff so notified the EEOC "without knowing what his evidence may be," and the dismissal could not "be allowed to stand on the present record." *Id.*

In *Stallworth*, the plaintiff filed a charge of discrimination with the EEOC with a cover sheet requesting that all communications and correspondence be directed to her attorney. *Stallworth*, 936 F.2d at 523. Seven months later, Stallworth's attorney sent a letter to the EEOC requesting a right-to-sue letter and instructing the EEOC to send the letter to him. *Id.* Subsequently, the EEOC sent a right-to-sue letter to Stallworth's Birmingham address, which she had listed on the EEOC charge, but did not send a copy to her attorney. *Id.* Stallworth's nephew signed for the letter, but never gave it to Stallworth. *Id.* While temporarily living away from the Birmingham residence, Stallworth checked the mail at the Birmingham address on six occasions during the month when the letter was delivered, but never received or knew about the right-to-sue letter. *Id.* at 523-24. After Stallworth's attorney contacted the EEOC a second time, the agency sent

7

another letter, and Stallworth filed a lawsuit within 90 days of receiving the second letter. *Id.* at 524. Following an evidentiary hearing, the district court found that the 90-day deadline for filing suit commenced on the date when Stallworth's nephew received the first right-to-sue letter, and dismissed her Title VII claim as untimely. *Id.* at 523-24.

In concluding that the district court erred in dismissing Stallworth's Title VII claim, we explained that Stallworth satisfied the minimum burden of ensuring receipt of the right-to-sue letter, and "[m]ost significantly, she requested the EEOC to mail a copy of the right-to-sue letter to her attorney at his address." *Id.* at 525. Explaining that the primary fault for the failed delivery rested upon the EEOC because it did not mail a copy of the right-to-sue letter to Stallworth's attorney, which Stallworth expressly requested, we vacated the district court's dismissal of Stallworth's Title VII claims, and remanded for further proceedings. *Id.*

In this case, the district court prematurely dismissed Page's complaint. As in *Lewis*, it is impossible for us to determine on appeal whether Page exercised his minimal responsibility to inform the Postal Service of his changes of address "without knowing what his evidence may be." *See Lewis*, 673 F.2d at 1243. The record contains only copies of envelopes and forms from 2009 and 2010. These documents are not probative of where Page was residing in April 2011, nor are they probative of whether he informed the Postal Service of his most recent

8

address.  In granting the Postal Service's renewed motion to dismiss, the district court concluded that the record contained no evidence that Page advised the Postal Service that he no longer resided at his previous address.  The district court, however, did not hold an evidentiary hearing, nor did it inform the parties that it intended to convert the motion to dismiss into a motion for summary judgment.  In addition, the district court did not address Page's arguments in his response brief that his attorney asked the Postal Service to send its final agency decision to the attorney.

Given the evidentiary deficiencies, the district court's explicit reliance on the lack of evidence to dismiss Page's complaint, its failure to address Page's arguments concerning his counsel's requests for the final agency decision, and the fact that the district court is not allowed to resolve disputes of fact in adjudicating a motion to dismiss, the dismissal cannot "be allowed to stand on the present record."  *See Lewis*, 673 F.2d at 1243; *see also Chappell*, 186 F.2d at 218; *cf. Lawrence*, 919 F.2d at 1529.  Accordingly, upon review of the record and consideration of the parties' briefs we vacate the district court's order granting the Postal Service's renewed motion to dismiss and remand for the court to hold an evidentiary hearing or to allow the case to proceed so that the record may be more fully developed.

**VACATED AND REMANDED.**