[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  20-10293
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cv-01216-TCB


MICHAEL ROBBINS,

Plaintiff-Appellant,

versus

VONAGE BUSINESS, INC.,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 21, 2020)

Before WILSON, MARTIN, and TJOFLAT, Circuit Judges.

PER CURIAM:

Plaintiff Michael Robbins appeals the District Court's order granting

summary judgment to defendant Vonage Business, Inc. ("Vonage"). The Court

found that Robbins had failed to satisfy the timeliness requirements of the Americans with Disabilities Act ("ADA"), and therefore was not entitled to further consideration of his claims of discrimination, harassment, and retaliation by Vonage.   For the reasons that follow, we affirm.

I.

Robbins, an individual with a degenerative bone disorder, worked at Vonage from May 2014 until July 2017.  According to his complaint, while employed at Vonage, Robbins filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 3, 2016 due to his belief that Vonage had taken actions related to his employment that violated the ADA and the Family and Medical Leave Act ("FMLA").  The EEOC, after completing its investigation of the relevant facts, issued a notice dismissing the charge because the agency was "unable to conclude that the information obtained establishe[d] violations of the statutes."  The notice indicated that Robbins now had the right to sue and cautioned that any such lawsuit must be brought "within 90 days of your receipt of this notice."  The notice is dated November 22, 2017, and is addressed to Robbins, at his home address, and his counsel, the Kirby G. Smith Law Firm, and to Vonage, by care of its attorney.  Vonage's counsel received a copy of the notice in the mail on December 1, 2017.

The principal factual dispute in this case concerns whether and when Robbins, and his counsel, received a mailed copy of the EEOC notice. Robbins claims that he never received it, despite checking the mail at his home daily. Robbins's counsel claims that it did not receive the mailed notice until December 22, 2017, three weeks after Vonage's counsel received it. In explaining the delay, Robbins's counsel indicates that its law firm moved offices in February 2017. While counsel did not provide the EEOC with notification of the change of address with respect to this case, counsel states that it requested mail forwarding from the old address to the new address, and additionally indicates that an employee of the firm would check the old address for unforwarded mail on a weekly basis.

Micah Barry, one of Robbins's attorneys, testified that the right-to-sue notice was picked up by one of his law firm's employees at the firm's old address and brought to the new address on December 22, 2017, 30 days after its issuance. He did not know on which of the previous 30 days the notice had been delivered to the "wrong" address.[1] He also did not retain the envelope in which the notice arrived or otherwise identify any record of who had checked the mail that day and

---

[1] Though Barry indicated that the mail was checked weekly, he stated that he did not know on which date the mail had been checked on the previous week.

3

picked up the notice.[2]  Robbins attributes the delay in receipt to a presumptive mistake by the postal service.

Robbins's complaint, which alleges that Vonage violated various provisions of the ADA, was filed on March 22, 2018 — 120 days after November 22, 2017 (when the notice was issued), and 90 days after December 22, 2017 (when Robbins's counsel received it).  Vonage filed a motion to dismiss, arguing that the complaint was not timely filed within the requisite 90 day window.  The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court grant Vonage's motion to dismiss, but the Court elected to vacate the R&R and instructed the Magistrate Judge to hold an evidentiary hearing on the timeliness issue.  Discovery proceeded, and two evidentiary hearings were held: one on March 14, 2019, and the other on May 22, 2019, with the intervening period designated for limited forensic discovery related to the electronic notice document.

At the first hearing, Robbins's counsel testified, as noted above, that the EEOC notice was received on December 22, 2017, when it was picked up by an employee checking the mail at the law firm's old address.  Micah Barry testified that he received the notice on that date, and date-stamped the top of the document

---

[2] Although Barry indicated that it was possible he kept a record of when the mail was checked in his calendar, no calendar, or other record log, was ever produced.

within five minutes of receiving it.  However, an employee of Vonage's counsel's law firm testified that the version of the document which Robbins's counsel provided indicated that it was electronically modified on June 7, 2018.

At the second hearing, Vonage's expert witness, a forensic consultant, testified.  He reviewed Robbins's counsel's copy of the EEOC notice, which was electronically marked "received" with a date stamp of December 22, 2017.  The forensic expert opined that he could find no indication in the document's metadata that the stamp was actually affixed on that date.[3]  Though he indicated that he might be able to definitively ascertain the entry date of the document if he had access to the computer on which the original file was stored, Robbins's counsel stated that the original copy was no longer available on the computer's hard drive as it had been previously moved to the firm's cloud storage service.[4]  At the Court's direction, Robbins's counsel provided the computer in question to the forensic consultant, who prepared a report.  His report concluded that insufficient evidence existed on the computer to affirmatively verify the date on which the EEOC notice was first scanned and saved.  The forensic expert identified at least

---

[3] The expert noted that, by disconnecting one's computer from the internet and setting the computer's internal clock to a different time, one could create a date stamp that does not accurately reflect the date and time at which the document was scanned and entered into the computer.

[4] Additionally, discovery indicated that the version of the notice uploaded to the court's CM/ECF system had metadata indicating creation on June 7th, 2018, and that the version of the file stored on the firm's cloud-based Google drive had a "last modified" date of April 2nd, 2019.

twelve EEOC notice letter documents for other clients on counsel's hard drive, none of which contained similar date stamps.

Following discovery, Vonage moved for summary judgment, arguing that because Robbins could not prove the date of delivery to his counsel's old address, he failed to provide evidence that his complaint was timely filed. The Magistrate Judge prepared an R&R, recommending that the Court grant Vonage's motion because Robbins "failed to show that the Notice was received at the firm address of record no earlier than ninety days before this lawsuit was filed." The Magistrate Judge also concluded that Robbins had not shown that "[he had taken] reasonable steps to ensure that his attorney's receipt of the notice was not delayed and [therefore] that any delay was . . . in no way his fault." The Magistrate Judge therefore determined that it was proper to apply a presumption that receipt of the notice occurred three days after its issuance, "or at least when [Vonage] received the Notice" on December 1, 2017. Because either date fell "more than ninety days before [Robbins] filed this lawsuit," the Magistrate Judge concluded that the timeliness requirement was not met, and summary judgment should be granted to Vonage. The District Court overruled Robbins's objections to the R&R and adopted the R&R as its order. Robbins appeals.

II.

We review a grant of summary judgment de novo, "viewing all facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in favor of that party." *McCullum v. Orlando Reg'l Healthcare Sys., Inc.*, 768 F.3d 1135, 1141 (11th Cir. 2014). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a summary judgment motion, we must not make credibility determinations or evaluate the weight or quality of the evidence presented. *Reese v. Herbert*, 527 F.3d 1253, 1271 (11th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986)).

Before filing a complaint of discrimination against an employer under Title I of the ADA, a plaintiff must first exhaust administrative remedies by filing a charge of discrimination with the EEOC. *Stamper v. Duval Cty. Sch. Bd.*, 863 F.3d 1336, 1339–40 (11th Cir. 2017). Upon receiving a charge, the EEOC will determine whether there is "reasonable cause to believe that the charge is true" and notify the aggrieved person of its decision "not later than one hundred and twenty days from the filing of the charge." 42 U.S.C. § 2000e-5(b). If the EEOC's notice indicates that the EEOC is dismissing the charge, the aggrieved party may file a civil action against the employer "within ninety days" after he receives the notice. *Id.* § 2000e-5(f)(1); *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339 (11th

7

Cir. 1999) ("It is settled law that, under the ADA, plaintiffs must comply with the same procedural requirements to sue as exist under Title VII of the Civil Rights Act of 1964."). The plaintiff has the burden of showing that he filed his complaint within the 90-day window if the defendant contests the issue. *Green v. Union Foundry Co.*, 281 F.3d 1229, 1234 (11th Cir. 2002).

Normally, the "receipt" date that initiates the 90-day time limit is established by the plaintiff's actual receipt of the mailed notice letter from the EEOC.[5] *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005). When the date of receipt is in dispute, we ordinarily presume that a mailing is received three days after its issuance. *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1, 104 S. Ct. 1723, 1724 n.1 (1984); *see also* Fed. R. Civ. P. 6(d); *Kerr*, 427 F.3d at 953 n.9. However, this presumption does not apply if the plaintiff can show that receipt of the notice was delayed "through no fault of his own." *Lewis v. Conners Steel Co.*, 673 F.2d 1240, 1243 (11th Cir. 1982). This prevents relief from being "condition[ed] . . . on fortuitous circumstances or events beyond [the plaintiff's] control." *Zillyette*, 179 F.3d at 1340 (internal quotations omitted). To establish that a delay in receipt of the notice was not his fault, a plaintiff must show that he

---

[5] Such "receipt" may be by the plaintiff, the plaintiff's counsel, or counsel's law office. *See Irwin v. Dep't. of Veterans Affairs*, 498 U.S. 89, 92–93, 111 S. Ct. 453, 456 (1990); *Decker v. Anheuser-Busch*, 632 F.2d 1221, 1223–24 (5th Cir. 1980); *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the creation of the Eleventh Circuit on September 30, 1981).

8

"advis[ed] the EEOC of address changes or [took] other reasonable steps to ensure delivery of the notice to his current address." *Lewis*, 673 F.2d at 1243. If the plaintiff can make that showing, then the 90-day timer will begin on the day when he actually receives the notice.

Here, there is no evidence indicating on what date the EEOC notice was delivered to the address on file — Robbins's counsel's old address. Because the notice was issued on November 22, 2017, application of the three-day presumption would result in a receipt date of November 25, 2017 — a date which would make the complaint 27 days late. Robbins, however, argues that the three-day presumption does not apply. He contends that neither he nor his counsel "bear[] [any] personal fault" for receipt of the notice being delayed until December 22, 2017 because the mail was misdelivered to counsel's former address. Because he and his counsel took "reasonable steps" to ensure timely receipt of the notice, he argues that the failure lies entirely with the postal service. The date of actual receipt, therefore, should control.

Taking the evidence in the light most favorable to Robbins, as we must, we first find that Robbins has established that the date of actual receipt was December 22, 2017.[6] To find otherwise would be to make credibility determinations about

---

[6] Vonage argues that the December 22, 2017 date is irrelevant because the date of actual receipt is appropriately read only as the date on which the notice was delivered to the address on file with the EEOC (the firm's old office) — a date which is unknown here. This interpretation

9

the veracity of Robbins's counsel's testimony, which we do not do in a summary judgment posture.[7]  *See Reese*, 527 F.3d at 1271.  And there is no dispute that, if December 22nd were the applicable date for starting the 90-day timer, Robbins's complaint would have been timely filed.  Therefore, the only question we must answer is whether Robbins's counsel excused itself of fault in the delay of receipt by taking "reasonable steps to ensure delivery of the notice to [its] current address."[8]  *Lewis*, 673 F.2d at 1243.  Since we "approach these issues on a case-by-case basis to fashion a fair and reasonable rule for the circumstances of each case," we look to past cases for guidance on what actions have been considered "reasonable."  *Zillyette*, 179 F.3d at 1340.

Many of the cases that have addressed this issue concern situations in which the EEOC had the plaintiff's current address on file and/or the plaintiff was on

---

of actual receipt is contrary to the *Lewis* test, which explicitly contemplates that the notice letter was "delivered to the last address known to the EEOC," and states that the plaintiff "should not be held to a limitation period beginning to run at that time" if he took "reasonable steps to ensure delivery of the notice to *his current address*."  *Lewis*, 673 F.2d at 1243 (emphasis added).

[7] Vonage urges that Robbins's evidence must be given no weight because Vonage's forensic consultant reported that he could not ascertain the creation date of the electronic notice file on Robbins's counsel's computer.  This is true, but it does little to contradict Micah Barry's testimony that he recalled receiving the document at counsel's new address on December 22, 2017, and affixing the date-stamp five minutes after receiving it.  This statement does not need to be definitively corroborated by the document's electronic metadata to survive summary judgment.

[8] The other part of the *Lewis* test is inapplicable here, as there is no dispute that Robbins's counsel did not notify the EEOC of the firm's change of address for purposes of this case.

notice that his or her right-to-sue notice had been issued.[9]  For example, in *Kerr*, we held that plaintiffs had not put forth the necessary effort to avoid the three-day presumption where (1) they knew that their EEOC notices had been sent and were late or missing, (2) they failed to make any inquiry regarding the late or missing notices for approximately six weeks, and (3) they delayed filing their complaint for two more months after finally receiving the notice letters.  427 F.3d at 953. Likewise, in *Green*, where (1) the EEOC mailed the right-to-sue notice to the plaintiff's home while he was incarcerated, (2) his wife received it on an unknown date which she could not recall, and (3) plaintiff filed suit 97 days after the notice was mailed, we held that plaintiff had not shown that he had satisfied the 90-day timeliness requirement.  281 F.3d at 1234.  And in *Zillyette*, we held that a plaintiff "bore the minimal burden" of retrieving a mailed EEOC notice letter from the postal service after two unsuccessful attempted deliveries to plaintiff's home because the forms left by the postal service after the delivery attempts identified the sender as the EEOC.  179 F.3d at 1341–42.  *Accord Law v. Hercules, Inc.*, 713 F.2d 691, 692 (11th Cir. 1983) (where plaintiff's young son picked up the EEOC notice at the post office and placed it on the plaintiff's kitchen table, plaintiff was not entitled to an extension of the ninety-day limit, even though plaintiff did not

---

[9] In *Lewis*, where the general rule was laid out, we did not make a finding on whether the plaintiff acted reasonably to ensure delivery of the right-to-sue notice to the proper address, instead remanding for an evidentiary hearing on the issue.  673 F.2d at 1243.

11

actually see the letter on the table until one or two days later); *Bell v. Eagle Motor Lines*, 693 F.2d 1086, 1087 (11th Cir. 1982) (ninety-day period began when plaintiff's wife received the mailed notice at the family home, even though plaintiff was out of town and did not learn of the notice until eight days later). The common thread in these cases is that, in considering whether the date of actual receipt controls, we have declined to provide plaintiffs with an "open-ended time extension" to file suit; instead, we require that a plaintiff "assume[s] some minimum responsibility himself for an orderly and expeditious resolution of his dispute." *Lewis*, 673 F.2d at 1242.

The case most similar to the one now before us is *Stallworth v. Wells Fargo Armored Servs. Corp.*, where the EEOC sent a right-to-sue notice to the plaintiff's listed address, but she never received or learned of the notice because she was living away from that address at the time. 936 F.2d 522, 523–24 (11th Cir. 1991). We found that the plaintiff had satisfied her burden of reasonable efforts where (1) despite her temporary absence from the address listed on the EEOC charge, she checked the mail at the address six times during the month in which the notice was delivered, and (2) the EEOC did not mail a copy of the notice to the address of her attorney listed on the EEOC charge, despite the plaintiff's request that the agency do so. *Id.* at 525. We found that the "primary fault for the failed delivery" rested with the EEOC, which made the plaintiff's delayed receipt excusable. *Id.* We

12

stated that, while the frequency with which the plaintiff checked her mail was relevant, the "most significant[]" factor absolving her of fault was that the EEOC disobeyed her express instructions to send the right-to-sue letter to her attorney. *Id.* Therefore, we vacated the dismissal of plaintiff's Title VII claims, finding that the 90-day timer did not begin until the plaintiff actually received the notice. *Id.*

Here, the factor that was deemed "most significant[]" in *Stallworth* is lacking, as the EEOC cannot be blamed for sending the right-to-sue notice to counsel's listed address; moreover, counsel's absence was, unlike in *Stallworth*, not a temporary one. 936 F.2d at 525. We cannot say that, under these circumstances, Robbins and his counsel's efforts to ensure receipt of the notice were reasonable. While the firm requested mail-forwarding service, counsel (1) did not provide the EEOC with a notice of change-of-address in the nine months between the move and the issuance of the right-to-sue notice; (2) checked the mail at the old address only once per week, without making any record of the date of pick-up or the employee who retrieved the mail, and despite knowingly working on time-sensitive matters; (3) waited the full 90-day period to file Robbins's complaint, despite knowing that the notice letter had been issued a full month before it was discovered (and, consequently, that it likely had been delivered to the old address long before it was discovered). Given these shortcomings, we cannot

13

conclude that Robbins's delay was due to "events beyond his control."  *Lewis*, 673 F.2d at 1243.

In sum, we find that Robbins has not shown that his counsel took reasonable steps to ensure timely receipt of all mailed correspondence at the law firm's new address.  Therefore, he "should not be heard to complain that he did not receive the letter" until 27 days after it was presumed to have been delivered.  *Lewis*, 673 F.2d at 1243.  Robbins has not satisfied his burden of showing that his complaint was timely filed within the 90-day window, because we must presume that his notice letter was delivered on November 25, 2017.  *Green*, 281 F.3d at 1234; *Brown*, 466 U.S. at 148 n.1, 104 S. Ct. at 1724 n.1.  Therefore, the District Court properly awarded summary judgment to Vonage.

**AFFIRMED.**