**REFLECTONE, INC.,**
**Plaintiff–Appellant,**

v.

**FARRAND OPTICAL COMPANY, INC.,**
**Farrand Industries, Inc.,**
**Defendants–Appellees.**

No. 88–3040.

United States Court of Appeals,
Eleventh Circuit.

Jan. 3, 1989.

J.H. Horne, Elizabeth F. Reveley, William K. Principe, Donald W. Benson, Constangy, Brooks & Smith, Atlanta, Ga., Jerry L. Newman, Shear, Newman, Hahn & Rosenkranz, Tampa, Fla., for plaintiff-appellant.

Susan Lesinski, Dorsey & Whitney, New York City, and C. Lawrence Stagg, Stagg, Hardy & Yerrid, Tampa, Fla., for Farrand Industries.

Before VANCE and KRAVITCH, Circuit Judges, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

In this diversity action Reflectone, Inc. ("Reflectone") appeals the district court's decision to grant summary judgment in favor of defendant-appellee Farrand Industries, Inc. ("Farrand Industries"). Appellant ascribes four errors to the district court: (1) granting appellee's motion for summary judgment without resolving appellee's motion for protective order to stay discovery, the net effect of which was to deny appellant any discovery; (2) applying Florida law to determine whether to pierce the corporate veil between appellee and its wholly-owned subsidiary Farrand Optical Co., Inc. ("Farrand Optical"); (3) granting summary judgment when there were allegedly genuine issues of material facts; and (4) carrying over appellee's pending motions for summary judgment and protective order to appellant's second amended complaint.

## I.

In 1983 Reflectone entered into a written contract with Farrand Optical under which Farrand Optical was to design, manufacture, test and furnish to Reflectone a Visual System for incorporation into the Air Force's C5A/Cl41B Aerial Refueling Part Task Trainer. The contract ultimately required Farrand Optical to deliver to Reflectone one development unit and six production units of the Visual System.

All did not go as planned under the contract, and each party now claims that the other breached their agreement. After Farrand Optical gave Reflectone notice and demand for arbitration, as the arbitration clause of the contract provided, Reflectone brought this suit seeking to pierce the corporate veil and hold Farrand Optical and its corporate parent—appellee Farrand Industries—jointly and severally liable for their alleged breach of the contract.

Farrand Optical responded to Reflectone's suit by invoking the arbitration clause of the contract and asking the district court to stay all judicial proceedings and compel arbitration. For its part, appellee Farrand Industries sought protection from Reflectone's requests for discovery, and moved for summary judgment, arguing that it was not a party to the contract and that Reflectone had not alleged facts sufficient to pierce the corporate veil.

After it had responded on the merits to appellee's motion for summary judgment, Reflectone sought the court's leave to file a second amended complaint. The district court granted Farrand Optical's motion to compel arbitration and stayed all proceedings with respect to Farrand Optical. The court then granted Reflectone's motion to file the second amended complaint, and at the same time granted appellee Farrand Industries' motion for summary judgment.

The court did not formally resolve Farrand Industries' outstanding motion for protective order. The district court granted Reflectone's rule 54(b) motion for certification, and this appeal ensued.

## II.

The first question presented is whether the court abused its discretion when it granted appellee's motion for summary judgment before resolving appellee's motion for protective order. Because appellant chose to suspend its discovery efforts pending the resolution of the motion for protective order, it did not conduct any discovery.

■ As a general rule summary judgment should not be granted until the party opposing the motion has had an adequate opportunity to conduct discovery. *Alabama Farm Bureau Mut. Casualty Co. v. American Fidelity Life Ins. Co.*, 606 F.2d 602 (5th Cir.1979), *cert. denied*, 449 U.S. 820, 101 S.Ct. 77, 66 L.Ed.2d 22 (1980).[1] We cannot, however, adopt the blanket prohibition on the granting of summary judgment motions before discovery that appellant now urges on us.

Rule 56(f) specifically addresses the question of summary judgment before discovery has taken place.[2] The party opposing summary judgment may move the court to permit the discovery necessary to oppose the motion. The party seeking to use rule 56(f) " 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts,' but rather he must specifically demonstrate 'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.' " *Wallace v. Brownell Pontiac-*

1. The Eleventh Circuit, in the in banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as binding precedent the decisions of the former Fifth Circuit rendered before October 1, 1981.

2. The full text of this rule is as follows:
   **When Affidavits Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as may be just.
   Fed.R.Civ.P. 56(f).

*GMC Co.*, 703 F.2d 525, 527 (11th Cir.1983) (quoting *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896 (5th Cir.1980)).

■ The presence of rule 56(f) shows that appellant's argument that it is *per se* improper to grant summary judgment without providing the opponent an opportunity to conduct discovery is without merit. Rule 56(a) provides in part that a claimant may move for summary judgment "at any time after the expiration of 20 days from the commencement of the action." Similarly, rule 56(b) states that a defendant may move for summary judgment "at any time." Neither rule requires that a party wait until discovery has taken place. Furthermore, rule 56(f) shows that a court may grant summary judgment without the parties having conducted discovery if the opponent has not sought discovery by making a motion under rule 56(f), or if the court has, in the valid exercise of its discretion, denied such a motion.

Appellant does not claim that it made any rule 56(f) motion. Rather, appellant relies heavily on *Wallace,* in which the court treated the appellant's motions to compel discovery as satisfying the requirements of rule 56(f), recognizing that "rule 56(f) is infused with a spirit of liberality." 703 F.2d at 527. Yet as the *Wallace* court noted, "a trial court is under no obligation to treat such motions and responses as satisfying the requirements of subsection (f)." *Id.* Here appellant did not even make any motion to compel discovery. Indeed, appellant did not raise the issue anywhere in its papers opposing summary judgment. Courts cannot read minds, thus it is only proper that "the party opposing the motion for summary judgment bears the burden of calling to the district court's attention any outstanding discovery." *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.,* 859 F.2d 865, 871 (11th Cir.1988) (citing *Cowan v. J.C. Penney Co.,* 790 F.2d 1529, 1530 (11th Cir.1986)).

■ We cannot say that the district court abused its discretion in refusing to construe appellant's deliberate silence[3] as a constructive motion under rule 56(f), and then further abused its discretion in denying that constructive motion. We reaffirm that rule 56(f) is "infused with a spirit of liberality," yet we cannot go so far as to require courts to make such a motion on behalf of a party that deliberately chooses not to do so itself.

### III.

■ Appellant's next claim of error need not detain us long. Appellant argues that the district court erred when it used Florida law rather than New York law in deciding whether to pierce the corporate veil. Appellant did not raise this in the district court. Indeed, appellant itself urged the court to apply Florida law. Generally, we will not consider a legal issue or theory first raised on appeal.[4] *Roofing & Sheet Metal Servs. Inc. v. La Quinta Motor Inns, Inc.,* 689 F.2d 982, 989 (11th Cir. 1982). Nor does this case present any exceptional reason why we should exercise our discretion and consider this issue. *Id.* at 989–90. No "miscarriage of justice" will result. Indeed, there probably is no true choice of law issue: New York and Florida law do not materially differ in this area. *Bendix Home Sys., Inc. v. Hurston Enters.,* 566 F.2d 1039, 1041 (5th Cir.1978).

### IV.

Appellant next argues that there existed genuine issues of material fact, and therefore the district court should not have granted the motion for summary judgment. We note that "[t]his Court's review of a grant of summary judgment is plenary,

---

3. At oral argument appellant's counsel told the court that they considered making a motion to compel discovery or a motion under rule 56(f), but decided not to out of concern for the already over-burdened district court. While we appreciate such concern on the part of trial counsel, it cannot affect our disposition of this case.

4. Oddly, in support of its position appellant cites an opinion of the Ninth Circuit where the court explicitly noted that the appellant there had "failed to raise the conflicts issue before the district court, and it will not be considered for the first time on appeal." *Michael–Regan Co., v. Lindell,* 527 F.2d 653, 656 (9th Cir.1975).

and we apply the same legal standard that bound the district court." *American Ass'n of Christian Schools Voluntary Employees Beneficiary Ass'n Welfare Plan Trust v. United States,* 850 F.2d 1510 (11th Cir. 1988).

■ The legal question before the district court was whether or not to pierce the corporate veil between Farrand Industries and its wholly-owned subsidiary Farrand Optical. Florida law recognizes the important and legitimate uses of the corporate form and will only disregard the corporate form "in order to prevent some injustice." *Dania Jai–Alai Palace, Inc. v. Sykes,* 450 So.2d 1114, 1121 (Fla.1984). Under Florida law the party seeking to pierce the corporate veil must show both that the parent corporation used the subsidiary as a mere instrumentality and that this was done for an improper purpose. *Id.* Thus, in order to survive a motion for summary judgment, appellant must show that genuine issues of fact exist both as to appellee's use of Farrand Optical as a mere instrumentality and its manipulation for an improper purpose.

■ A thorough review of the record reveals that appellant has not raised any genuine issue as to whether appellee manipulated Farrand Optical for an improper purpose. Appellant cites two acts as the alleged "improper purpose:" the granting of the security interest in Farrand Optical's assets to appellee Farrand Industries, and the cut-off of funds from appellee to Farrand Optical. Yet neither of these will justify piercing the corporate veil.

Reflectone did not try to set aside the security interest that Farrand Optical gave to appellee.[5] Rather, appellant suggests that the granting of the security interest was *per se* improper. Appellant cites no authority for this proposition, nor have we been able to find one. Even if the granting of the security interest was a voidable fraudulent conveyance under New York law, as appellant alleges, it does not mean that the corporate form is automatically disregarded.

As to the alleged cut-off of funds, appellant did not point to any duty on the part of appellee to fund Farrand Optical. Absent such a duty, there was nothing improper in appellee's decision not to provide further funds to Farrand Optical.

Because appellant did not raise any genuine issue as to whether appellee had used Farrand Optical for an improper purpose, the court's decision to grant summary judgment in favor of appellee was correct. The issues of fact that appellant did raise— its subjective beliefs and impressions— were not material under Florida law to the question of whether or not to pierce the corporate veil.

V.

Appellant finally claims that the district court erred when it carried over appellee's pending motion for summary judgment to Reflectone's second amended complaint. Three months after appellant had opposed appellee's motion for summary judgment, appellant sought permission to file a second amended complaint. Appellee opposed this, but the district court granted the motion to file the second amended complaint at the same time it granted appellee's motion for summary judgment.

■ Appellant relies on *Reese v. Sparks,* 760 F.2d 64 (3rd Cir.1985), in which the court remanded a similar case to the trial court with instructions to give the appellant there a chance to respond to the original motion for summary judgment in light of its new second amended complaint which alleged an entirely new legal theory and new and different facts. We believe that *Reese* states the proper rule. When the amended complaint alleges new and different facts or legal theories, the party opposing summary judgment should have the opportunity to oppose the motion for summary judgment in light of its new allegations.

■ In the case at hand, however, appellant's new allegations were not material to the motion for summary judgment. The second amended complaint raised the

5. We note that appellee has since terminated the security interest.

**846**

fraudulent conveyance allegation and made further allegations that appellee led appellant to believe that Farrand Industries and Farrand Optical were in reality one single entity. Yet, as we noted above, Reflectone's second amended complaint did not present any allegations that could raise a genuine issue of material fact with respect to any alleged improper purpose on the part of appellee. Thus, permitting appellant to respond to the motion for summary judgment in light of its second amended complaint would not have affected the district court's decision on the motion for summary judgment.

For the reasons stated above, the decision of the district court granting summary judgment in favor of appellee is AFFIRMED.