**Garye Lynn THOMAS, Plaintiff,**

v.

**A.T. & T. COMPANY, Defendant.**

**No. 88–815–Civ–J–14.**

United States District Court,
M.D. Florida,
Jacksonville Division.

June 26, 1989.

Garye L. Thomas, Summerville, S.C., pro se.

Joan E. Young, Zinober & Burr, Tampa, Fla., for defendant.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

SUSAN H. BLACK, District Judge.

This case is before the Court on defendant's Motion To Dismiss, filed April 4, 1989. Plaintiff filed a response on May 1, 1989. Defendant filed a supplemental memorandum on May 23, 1989. Plaintiff filed a supplemental memorandum on June 13, 1989.

On May 8, 1989, this Court found that the defendant presented matters contrary to and outside the scope of the Amended

Complaint in the Motion To Dismiss. The Court, therefore, converted the Motion To Dismiss into one for summary judgment pursuant to Fed.R.Civ.P. 12(b). The Court gave the parties additional time to supplement their memoranda with any other affidavits, depositions or exhibits. In addition, this Court conducted a preliminary pretrial conference on May 16, 1989, where the Court explained to the plaintiff the necessity of filing sworn affidavits and other exhibits on a motion for summary judgment.[1]

A district court's review of a case on a motion for summary judgment is governed by Fed.R.Civ.P. 56. A moving party discharges its burden on a motion for summary judgment by "showing" or "pointing out" to the district court that there is an absence of evidence to support the nonmoving party's case. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Fed.R.Civ.P. 56 permits the moving party to discharge its burden with or without supporting affidavits and to move for summary judgment on the case as a whole or on any claim. 477 U.S. at 325, 106 S.Ct. at 2553. When a moving party has so discharged its burden, the nonmoving party must then "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " 477 U.S. at 324, 106 S.Ct. at 2553.

The district court must enter summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." 477 U.S. at 322, 106 S.Ct. at 2552; Fed.R.Civ.P. 56(c). *See also Reflectone, Inc. v. Farrand Optical Co., Inc.,* 862 F.2d 841 (11th Cir.1989). Whether or not the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law, requires the

court to draw inferences from the evidence as viewed in the light most favorable to the nonmoving party, and to resolve all reasonable doubts in that party's favor. *See Spence v. Zimmerman,* 873 F.2d 256 (11th Cir.1989). The Eleventh Circuit Court of Appeals explained the reasonableness standard in *WSB–TV v. Lee,* 842 F.2d 1266, 1270 (11th Cir.1988):

> In deciding whether an inference is reasonable, the court must "cull the universe of possible inferences from the facts established by weighing each against the abstract standard of reasonableness." ... The opposing party's inferences need not be more probable than those inferences in favor of the movant to create a factual dispute, so long a they reasonably may be drawn from the facts.... When more than one inference reasonably can be drawn, it is for the trier of fact to determine the proper one.

842 F.2d at 1270 (citations omitted).

Fed.R.Civ.P. 56(c) requires the district court to deny a motion for summary judgment if the court finds that there exists a genuine issue for trial. What constitutes a "genuine issue for trial" was addressed by the Supreme Court in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In *Anderson* the Court stated that "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." 477 U.S. at 248, 106 S.Ct. at 2510. The Court further stated that the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." 477 U.S. at 251–52, 106 S.Ct. at 2512.

The Court finds that the parties in this case have had adequate time to conduct discovery on the issue of whether or not plaintiff filed her case within the 90–day

---

**1.** The Court also discussed the possibility of referring this case to arbitration if the motion for summary judgment were to be denied. In

light of the Court's disposition of the case, the Court need not refer the case to arbitration.

time limit of her receipt of the right-to-sue letter. The Court shall, therefore, address the merits of the motion for summary judgment.

In the instant case the defendant presents evidence that the plaintiff voluntarily and legally appointed Jim Harshman to be plaintiff's agent for receiving her mail, that Jim Harshman as plaintiff's agent received a notice of right-to-sue on June 20, 1988, and that such receipt triggered the commencement of the time period within which plaintiff must file a civil action. Because the Complaint was filed on September 30, 1988, one hundred and three days after plaintiff's alleged agent received the notice, defendant argues that the complaint must be dismissed as time barred under 42 U.S.C. § 2000e–5(f)(1).[2]

Plaintiff responds that Jim Harshman was not her agent because she did not give him the power to act as her attorney. Plaintiff originally stated that Jim Harshman withheld plaintiff's mail because plaintiff had not paid rent on her mail box. Plaintiff has now apparently abandoned that argument. Plaintiff further responds that she could not notify the Equal Employment Opportunity Commission of a change of address because she lived in her car and could not receive mail in her car.

This circuit has not found that grievants are in all cases given constructive notice when their agents receive a right-to-sue letter. *Law v. Hercules, Inc.* 713 F.2d 691, 692 (11th Cir.1983) (*quoting Lewis v. Conners Steel Co.*, 673 F.2d 1240, 1242 (11th Cir.1982)). The courts must instead approach the issue on a case by case basis and decide the issue with an eye to preventing the establishment of "a manipulable open-ended time extension which would render the statutory limitation meaningless." *Law*, 713 F.2d at 693, (*quoting Lewis v. Conners Steel Co.*, 673 F.2d 1240, 1242 (11th Cir.1982)). This circuit has, however, found that receipt of a right-to-sue letter by a plaintiff's wife, *Bell v. Eagle Motor Lines*, 693 F.2d 1086 (11th Cir.

1982), or receipt of a right-to-sue letter by a plaintiff's seventeen-year-old son, *Law v. Hercules, Inc.* 713 F.2d 691 (11th Cir.1983), or receipt of a right-to-sue letter by plaintiff's attorney, *Decker v. Anheuser–Busch*, 632 F.2d 1221 (5th Cir.1980), provided such notice.

This Court finds on the present record that there are no issues of fact that plaintiff appointed Jim Harshman as her agent to receive her mail, that plaintiff's payments for her mail receipt service were kept up to date, that Jim Harshman never withheld plaintiff's mail, that Jim Harshman provided plaintiff with a free service that enabled plaintiff to call any day from 10:00 a.m. through 1:00 p.m. to learn if she had received any mail, and that Jim Harshman as plaintiff's authorized agent received plaintiff's right-to-sue letter on June 20, 1989. The Court further finds that the Complaint was filed September 30, 1989, one hundred and two days after plaintiff's agent received the right to sue letter.

Given these undisputed facts, this Court finds on the present record that permitting this action to go forward would foster "a manipulable open-ended time extension which would render the statutory limitation meaningless." *Law*, 713 F.2d at 693, (*quoting Lewis v. Conners Steel Co.*, 673 F.2d 1240, 1242 (11th Cir.1982)). Although the Court is sympathetic with plaintiff's financial difficulties, this Court cannot find that plaintiff satisfied the implicit requirement of reasonable diligence imposed by 42 U.S.C. § 2000e–5(f)(1). Plaintiff could have and should have notified the EEOC of her whereabouts or at least have checked her mail box that she leased from Jim Harshman. The Court further finds that plaintiff could have and should have filed her Complaint within the time limits imposed by Congress. The Court will, therefore, grant defendant's Motion For Summary Judgment.

Accordingly, it is

ORDERED:

---

2. That provision provides in pertinent part "the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e–5(f)(1).

1. That defendant's Motion To Dismiss, filed April 4, 1989, which the Court on May 8, 1989, converted into a Motion For Summary Judgment, is granted.

2. That the Clerk of Court shall enter a judgment for the defendant and against the plaintiff.

DONE AND ORDERED.