[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 12, 2005
THOMAS K. KAHN
CLERK

No. 05-10617
Non-Argument Calendar
_____

D. C. Docket No. 03-02823-CV-WBH-1

JONATHAN LOGAN BUTLER,
a.k.a. John Jones,

Plaintiff-Appellant,

versus

BILL HUTSON,
Cobb Co. Sheriff Dept.,
WATERS, S.D.,
BENITAS, Sgt. et al.,

Defendants,

CLARKE, S.D.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(August 12, 2005)**

Before CARNES, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Plaintiff Jonathan Logan Butler, a Georgia prisoner, appeals the district court's grant of summary judgment in favor of defendant Deputy Orlando Clarke, in his pro se civil rights action brought under 42 U.S.C. § 1983.[1]

## I. Background

Butler and another inmate, Fred George, had a fight in one of the pod areas in the prison. Clarke and Deputy Waters removed the two inmates from the pod and brought them to the multi-purpose room, where they were told to remain seated in chairs at opposite ends of the room. Clarke and Waters left the room, and Butler and George continued to exchange words and argue.[2] George rose and began walking around, making Butler nervous. Butler then left his chair and moved toward George, at which point Clarke re-entered the room and struck Butler, causing Butler to trip over some mattresses, resulting in a broken jaw.[3]

Following the incident, Butler filed this § 1983 action against Clarke, alleging that Clarke used excessive force against him. Clarke answered the

---

[1] Butler sued Clarke in his individual and official capacities. The district court did not address the official capacity claims, but those claims are barred by sovereign immunity. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 97-102 (1984).

[2] There was evidence that Waters remained in the room and was at risk from Butler's actions, but Butler contends that he and George were left alone. Viewing the facts in the light most favorable to Butler, we assume that Waters left the room with Clarke.

[3] There is a dispute as to whether the broken jaw resulted from the earlier altercation or from the blow by Clarke. Taking the facts in the light most favorable to Butler for purposes of summary judgment, we assume as the district court did that Clarke caused Butler's injury.

complaint and moved for summary judgment, asserting, *inter alia*, that he had not

used force maliciously and sadistically, but had used only the amount of force

necessary to restore discipline and ensure the safety of the other inmate. The

district court granted Clarke's motion for summary judgment, concluding that

Clarke's use of force did not violate the Eighth Amendment. Butler now appeals.[4]

## II. Standard of Review

We review a district court's grant of summary judgment de novo, viewing

the evidence in the light most favorable to the non-moving party. Skrtich v.

Thorton, 280 F.3d 1295, 1299 (11th Cir. 2002). Summary judgment is appropriate

"if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of

law." Fed. R. Civ. P. 56(c); Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir.

---

[4] Butler also argues that the court should have permitted him to file an amended complaint before the court entered summary judgment. Under Fed.R.Civ.P. 15, once the defendant has filed a responsive pleading, the plaintiff does not have the right to amend his complaint without the consent of the opposing party or the court. Fed.R.Civ.P. 15(a). Here, Butler did not move to amend his complaint until after Clarke had filed his answer and his motion for summary judgment. Thus, the court was not obligated to permit Butler to file an amended complaint. Moreover, there is no merit to Butler's argument that the district court erred in failing to order the defendant to provide medical records. In reaching its decision, the court assumed that Clarke's actions broke Butler's jaw and Clarke conceded that he caused the injury. Thus, the medical records would not have added any evidence necessitating continued discovery. See Florida Power & Light Co. v. Allis Chalmers Corp., 893 F.2d 1313, 1316 (11th Cir. 1990); Reflectone, Inc. v. Farrand Optical Co., Inc., 862 F.2d 841, 843-44 (11th Cir. 1989).

1990).

### III. Discussion

The Eighth Amendment's prohibition against cruel and unusual punishment governs a plaintiff's claim that a prison official's use of force was excessive. Whitley v. Albers, 475 U.S. 312, 327 (1986). To establish an excessive force claim, a plaintiff must prove that "force was applied...maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)). "The infliction of pain in the course of a prison security measure...does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable....[as long as it is applied] in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically for the very purpose of causing harm." Id. at 319-21 (quoting Johnson, 481 F.2d at 1033); see also Skrtich, 280 F.3d at 1300.

The Supreme Court has outlined five factors to analyze whether prison officials used force maliciously and sadistically: (1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably

4

perceived by the responsible officials on the basis of facts known to them. Whitley, 475 U.S. at 321.

Applying these principles here, we conclude that the district court properly granted summary judgment in favor of Clarke. Viewing the evidence in the light most favorable to Butler, we assume that Clarke used a walkie-talkie to strike Butler, and that this strike was the cause of Butler's broken jaw. Even so, Clarke's conduct does not amount to excessive force in violation of the Eighth Amendment. When Clarke struck Butler, Butler posed a threat to another inmate, as he was moving toward George, with whom he had an altercation earlier that day. Butler admits that he and George were exchanging words when the incident occurred. Butler also conceded that he disobeyed Clarke's order to remain seated. Moreover, Clarke did not have time for other measures, as Butler was approaching George when Clarke entered the room. Clarke struck Butler only once, and used no other force after Butler complied with his order to sit down. Under these circumstances, Clarke's actions did not rise to the level of "malicious and sadistic conduct for the very purpose of causing harm." See Whitley, 475 U.S. at 319-21 (quoting Johnson, 481 F.2d at 1033). Accordingly, we AFFIRM.

**AFFIRMED.**