[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 25, 2006
THOMAS K. KAHN
CLERK

No. 05-12347
Non-Argument Calendar
_____

D. C. Docket No. 04-00423-CV-BBM-1

KENNETH MCGOY,

Plaintiff-Appellant,

versus

WALTER S. RAY, JR.,
BOBBY K. WHITWORTH, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 25, 2006)

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Georgia state prisoner Kenneth McGoy appeals the district court's order (1) denying his motion for a continuance of disposition of summary judgment, and (2) granting summary judgment in favor of the defendants in his 42 U.S.C. § 1983 action.  McGoy asserts (1) the district court violated the Federal Rules of Civil Procedure when it denied his motion seeking discovery through an *in camera* review of his parole file, and (2) retroactive application of Georgia's policy requiring inmates to serve 90 percent of their sentences (90 percent policy) violated the *Ex Post Facto* and Due Process Clauses.  We affirm the district court.

## I.  DISCUSSION

### A.  In camera *review of parole file*

First, McGoy contends the district court violated the Federal Rules of Civil Procedure by denying him an *in camera* review of his parole file because the defendants were in possession of the only evidence with which he could prove his case.  We review a district court's refusal to grant a continuance of a summary judgment motion in order to conduct discovery for abuse of discretion.  *Burks v. Am. Cast Iron Pipe Co.*, 212 F.3d 1333, 1336 (11th Cir. 2000).  Generally, "summary judgment should not be granted until the party opposing the motion has had an adequate opportunity to conduct discovery."  *Reflectone, Inc. v. Farrand*

2

*Optical Co.*, 862 F.2d 841, 843 (11th Cir. 1989). This is not, however, a blanket prohibition on the granting of summary judgment before discovery. *Id.*

Rule 56(f) states:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). "The availability of a continuance is built into the rules to guard against the premature entry of summary judgment. Subsection (f) allows a party who has no specific material contradicting his adversary's presentation to survive a summary judgment motion if he presents valid reasons justifying his failure of proof." *Barfield v. Brierton*, 883 F.2d 923, 931 (11th Cir. 1989) (quotations and citation omitted). "[A] Rule 56(f) motion for discovery requires the court to balance the movant's demonstrated need for discovery against the burden such discovery will place on the opposing party[;]" therefore, "[a] Rule 56(f) motion must be supported by an affidavit which sets forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998). "The nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but

3

unspecified, facts, but must show the court how the stay will operate to permit him to rebut, through discovery, the movant's contentions." *Barfield*, 883 F.2d at 931. (quotations and citation omitted).

The district court did not abuse its discretion in denying McGoy's motion for a continuance. First, McGoy, contrary to his argument, did not comply with the requirements of Rule 56(f) in that he did not set forth with particularity the facts he expected to discover and how those facts would create a genuine issue of material fact. In his brief in support of his motion for a continuance, McGoy alleged the Board's 90 percent policy was adopted to qualify for federal funding under the Violent Offenders Incarceration and Truth-In-Sentencing Act, 42 U.S.C. § 13701, *et. seq.* (VOITIS), and noted the affidavit of Melissa Rogers, the Board's Assistant Director of Legal Services, did not deny the Board applied for and received grants under VOITIS or that McGoy was included in their statistical average.[1] However, he did not state how an *in camera* review of his records would help prove these allegations. McGoy cannot rely on such vague assertions that additional discovery will produce needed but unspecified facts. *Barfield*, 883 F.2d at 931.

---

[1] On appeal, McGoy asserts evidence will show that no violent offenders were considered for parole in accordance with the parole guidelines and all inmates had their sentences substantially extended beyond the guidelines recommendation. However, since McGoy makes this argument for the first time on appeal, we need not consider it. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (holding issues not raised in the district court and raised for the first time on appeal are not considered by this court).

Furthermore, the district court balanced McGoy's need for discovery against the burden such discovery would place on the Board. Here, that burden was quite great since parole records in Georgia are confidential state secrets. O.C.G.A. § 42-9-53(b) (2005). The district court did not abuse its discretion when it found the facts before it did not rise to the level necessary to overcome the state's interest in maintaining the confidentiality of their parole records. Lastly, the district court did not violate due process in denying his request for *in camera* review, as McGoy asserts, because Georgia's parole process does not create a liberty interest protected by the Due Process Clause. *Sultenfuss v. Snow*, 35 F.3d 1494, 1503 (11th Cir. 1994) (en banc). Thus, the district court did not abuse its discretion in denying McGoy's motion for continuance.

B. Ex Post Facto *Clause*

Second, McGoy asserts the retroactive application of the 90 percent policy violates the *Ex Post Facto* Clause because the policy changes the parole laws in place at the time he committed his offense. He also contends it violates the Due Process Clause, maintaining that *Sultenfuss*, which holds Georgia's parole process does not create a liberty interest protected by the Due Process Clause, is no longer good law as it was overruled by *Garner v. Jones*, 120 S. Ct. 1362, 1367 (2000).

We review a district court's grant of summary judgment de novo, applying the same standards as the district court. *S.E.C. v. Adler*, 137 F.3d 1325, 1332 (11th Cir. 1998). The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c).

The U.S. Constitution provides no State shall pass any *ex post facto* law. U.S. Const. art. I, § 10. This clause prohibits states from enacting statutes which make more burdensome the punishment for a crime after its commission. *United States v. Abraham*, 386 F.3d 1033, 1037 (11th Cir. 2004), *cert. denied*, 126 S. Ct. 417 (2005). To prevail on an *ex post facto* claim, a party must demonstrate (1) the law was retrospective, in that it applied to events occurring before its enactment, and (2) he was disadvantaged by it. *Id.* Retroactive changes to the laws governing the parole of prisoners may, in some instances, violate the *Ex Post Facto* Clause. *Garner*, 120 S. Ct. at 1367 (2000).

Georgia's parole process does not create a liberty interest protected by the Due Process Clause. *Sultenfuss*, 35 F.3d at 1503. The Supreme Court's decision in *Garner* did not overrule *Sultenfuss*. *Garner* cited *Sultenfuss* favorably, and we

6

have relied on the holding in *Sultenfuss* since *Garner* was decided.  *Garner*, 120 S.

Ct. at 1369; *Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001).

McGoy failed to establish a genuine issue of material fact as to his *ex post*

*facto* claim.  It is undisputed that, in 1998, the Board established a new rule

requiring certain prisoners to serve at least 90 percent of their sentences.  McGoy

did not demonstrate, however, that this policy has been applied to him.  The record

shows the first decision affecting McGoy's release date was made in 1994, before

the 90 percent policy existed.  Nothing in the record indicates McGoy's subsequent

parole reconsiderations, after implementation of the 90 percent policy, were

affected by that policy.[2]  McGoy also could not show he had a protected liberty

interest in parole.  Therefore, the district court did not err in granting summary

judgment to defendants and dismissing McGoy's complaint.

---

[2]  Although McGoy asserts the 90 percent policy is being retroactively applied in order to qualify for federal funding under VOITIS in his brief opposing summary judgment and in his brief on appeal, the district court did not rule on this claim, and thus, it was not raised below for purposes of appellate review.  Furthermore, McGoy could not amend his complaint by adding his VOITIS claim in his brief opposing summary judgment, as he attempted to do.  *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314–15 (2004).

## II.  CONCLUSION

The district court did not abuse its discretion in denying McGoy's motion for a continuance, and did not err in granting defendants' motion for summary judgment.  Thus, we affirm the district court.

AFFIRMED.