[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15062
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-00155-WS-M

DERIC LAVELLE MAY,

Plaintiff-Appellant,

versus

GARY HETZEL,

Defendant,

PENNY EMMONS,
JAMES SMITH,
ASHLEY WALL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(November 4, 2015)

Before MARCUS, WILLIAM PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Deric LaVelle May, an Alabama prisoner proceeding pro se, appeals the district court's grant of summary judgment in favor of defendants Penny Emmons, James Smith, and Ashley Wall, in his 42 U.S.C. § 1983 action. May first argues that the district court erred by granting summary judgment on his Eighth Amendment claim in favor of Emmons, Smith, and Wall after finding that May failed to establish that each defendant acted with deliberate indifference toward his serious medical condition. May next argues that the district court abused its discretion in denying his motion to compel discovery. He argues finally that the district court's summary judgment award did not satisfy the requirements of Federal Rule of Civil Procedure 56(c) because the magistrate judge issued a report and recommendation ("R&R") earlier than the deadline originally provided to May, without notifying him of the change.

I.

In ruling on whether the district court erred in granting summary judgment in favor of Emmons, Smith, and Wall on May's Eighth Amendment claim, we undertake a de novo review and apply the same standard the district court used in deciding whether summary judgment is appropriate. Burton v. Tampa Hous. Auth., 271 F.3d 1274, 1276 (11th Cir. 2001). Summary judgment is appropriate

2

only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).  We view the record in the light most favorable to the nonmoving party.  Burton, 271 F.3d at 1277.

Relief is appropriate under § 1983 if a claimant proves that a person acting under color of state law committed an act that deprived him of a federal right.  42 U.S.C. § 1983.  Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and supports a cause of action under § 1983.  Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976).  To prove a claim of deliberate indifference, a claimant must show: (1) that a condition of his confinement inflicted unnecessary pain or suffering, (2) the defendant was deliberately indifferent to that condition, and (3) causation.  LaMarca v. Turner, 995 F.2d 1526, 1535 (11th Cir. 1993).  A prison official acts with deliberate indifference when he consciously disregards an excessive risk to a prisoner's health or safety; and mere negligence is insufficient to support a finding of deliberate indifference.  Farmer v. Brennan, 511 U.S. 825, 835–37, 114 S. Ct. 1970, 1978–79 (1994).  A claimant must prove that the prison official possessed both knowledge of the danger and the means to cure the danger.  LaMarca, 995 F.2d at 1535–37.

3

The district court did not err in granting summary judgment in favor of Emmons, Smith, and Wall. May alleges that Emmons violated his Eighth Amendment rights by recommending that May not be transferred to a different prison facility that could provide better care for May's medical condition. Emmons testified in a sworn affidavit that she did not know the specifics of May's medical condition and saw no need to transfer May to a different facility because internal medical review procedures found May "generally healthy [and] stable." May offered no evidence that Emmons knew of a danger to him or that she had a means to cure any danger by transferring him to another institution.

May asserts that Smith also violated his Eighth Amendment rights by interfering with the prison's sick call procedures by tearing off the back of May's sick call slip and returning it to May, in a manner that neglected May's health. Smith testified in a sworn affidavit that he did not take May to the infirmary on the occasion in dispute because sick call was not conducted on the night shift, when Smith worked. Smith instead placed May's name on the sick call list and gave May a copy of the request. May failed to present evidence that Smith's actions harmed him: May admitted that his name remained on the sick call list and he was taken to the infirmary the next day.

As to Wall, May claims that his Eighth Amendment rights were violated because Wall played the role of gatekeeper in denying May medical care.

4

However, Wall testified in a sworn affidavit that she is a nurse with no power over whether an inmate is seen by a medical provider. Wall further testified that on the occasion in dispute May refused to be seen at sick call because he already had an outstanding appointment with a medical doctor. May failed to present evidence showing that Wall refused to triage him on any particular occasion, or that she had the authority to decide who the doctor saw such that she had the power to cure any danger that he may have been in. The district court did not err in granting summary judgment in the defendants' favor.

II.

May next argues that the district court abused its discretion in denying his motion to compel discovery. A nonmoving party may demonstrate by affidavit or declaration that he cannot present facts essential to justify opposing a motion for summary judgment. Fed. R. Civ. P. 56(d). In such cases, "the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Id. On August 20, 2014, the district court converted Wall, Smith, and Emmons's answers and special reports in response to May's complaint to a motion for summary judgment. In response, May filed a request for the production of documents, and then moved to compel discovery. The defendants moved to stay discovery until

5

the district court ruled on their summary judgment motion.  The district court then granted the defendants' motion and denied May's motion to compel discovery.

We review for abuse of discretion the district court's denial of a motion to compel discovery.  Holloman v. Mail-Well Corp., 443 F.3d 832, 837 (11th Cir. 2006).  A district court has a range of choices in deciding whether to compel discovery in response to a Rule 56 summary judgment motion.  Id.  We will not second-guess the district court's actions in that regard unless they reflect a clear error of judgment.  Id.  Specifically, we will not overturn discovery rulings under Rule 56 unless the appellant can demonstrate that those rulings "resulted in substantial harm to the appellant's case."  Iraola & CIA, S.A. v. Kimberly-Clark Corp., 325 F.3d 1274, 1286 (11th Cir. 2003).  The party seeking to compel discovery under Rule 56 cannot rely on "vague assertions" that additional discovery will produce needed but unspecified facts; he must "specifically demonstrate" how discovery will rebut the moving party's showing of the absence of a genuine issue of fact.  Reflectone, Inc., v. Farrand Optical Co., Inc., 862 F.2d 841, 843 (11th Cir. 1989) (per curiam) (quotation omitted).

The district court did not abuse its discretion in denying May's motion to compel discovery because his request for the production of documents was unduly broad.  The documents May sought went beyond the scope of the issues before the court in the summary judgment motion, and included items that were not relevant

6

to his claims.  For example, May's request for admissions from Emmons sought information not relevant to whether Emmons violated May's Eighth Amendment rights.  May did not specifically allege how this discovery would help him establish a genuine issue of fact, and only asserted that his request "would have contradicted all defendant affidavits."  This being the case, May failed to make the required showing that the district court's denial of his motion to compel discovery resulted in substantial harm to his case.

## III.

May last argues that the district court's award of summary judgment to the defendants failed to meet the requirements of Federal Rule of Civil Procedure 56(c).  On August 20, 2014, the district court notified May that the defendants' summary judgment motion would be taken under advisement on September 24, 2014, and any response by May was required before that date.  The magistrate judge issued the R&R earlier than that date—on September 17, 2014.  The district court then adopted the findings of the R&R after de novo review on October 7, 2014.  May argues that he was entitled to ten-days notice and an opportunity to respond to the defendants' motion for summary judgment before the magistrate judge's R&R was released.

May was not entitled to ten-days notice to respond before the district court granted Emmons's, Smith's, and Wall's summary judgment motions.  The ten-day

prior notice requirement in Rule 56(c) was superseded in the Rule's 2010 amendments, and the rule now only requires that a district court give notice and a reasonable time to respond before issuing a judgment independent of a party's Rule 56 motion. See Fed. R. Civ. P. 56(b) advisory committee's note to 2010 amendment. The district court provided May with notice of the summary judgment motion on August 20, 2014, and the district court did not rule on the motion until October 7, 2014. On this record, May had notice and a reasonable time to respond.

Even if the district court erred in applying the timing requirements of Rule 56(c), "[u]nless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for . . . disturbing a judgment or order" if the error did not affect the "party's substantial rights." Fed. R. Civ. P. 61. May was able to respond to the motion for summary judgment and the R&R with evidence and arguments before the district court ruled on that motion. The district court specifically stated that it reviewed de novo the portions of the R&R to which May objected before adopting the R&R. Although the magistrate judge should have waited to issue the R&R until the date specified to May in the original order, any error in that decision was harmless because it did not affect May's substantial rights.

8

For these reasons, upon examination of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**