[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10712
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-00283-ELR

ANTIONETTE SMEDLEY,

Plaintiff-Appellant,

versus

DEUTSCHE BANK TRUST COMPANY AMERICAS,
MCCURDY & CANDLER, LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 18, 2017)

Before TJOFLAT, MARCUS and JULIE CARNES, Circuit Judges.

PER CURIAM:

Antionette Smedley, proceeding *pro se*, appeals the district court's grant of summary judgment in favor of Deutsche Bank Trust Company America ("Deutsche") and McCurdy & Candler, LLC ("M&C").  On appeal, Smedley argues that the district court erred in denying her Fed. R. Civ. P. 56(d) motion.  As a result, she should participate in discovery.  Smedley also claims that the district court should have converted M&C's motion to dismiss as a summary judgment motion.

We review the denial of a Fed. R. Civ. P. 56(d) motion for an abuse of discretion.  *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1315 (11th Cir. 1990) (interpreting Rule 56(d)'s predecessor, Rule 56(f)).  As a general rule, appellate courts "will not consider a legal issue or theory raised for the first time on appeal."  *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).  Under Rule 56(d), where the non-moving party to a motion for summary judgment shows "by affidavit or declaration" that, for specified reasons, it "cannot present facts essential to justify its opposition," the district court may delay consideration of the motion, deny the motion, allow additional time for discovery, or issue another appropriate order.  Fed. R. Civ. P. 56(d).  In seeking the protection of Rule 56(d), the non-movant must show that "postponement of a ruling on the motion will enable [her], by discovery or other means, to rebut the

2

movant's showing of the absence of a genuine issue of fact."  *Fla. Power & Light,* 893 F.2d at 1316 (quotations omitted).

"[V]ague assertions that additional discovery will produce needed, but unspecified facts" fail to meet this burden.  *Fla. Power & Light,* 893 F.2d at 1316 (quotations omitted).  Moreover, we will not overturn discovery rulings under Rule 56 unless the appellant can demonstrate that those rulings "resulted in substantial harm to the appellant's case." *Iraola & CIA, S.A. v. Kimberly–Clark Corp.*, 325 F.3d 1274, 1286 (11th Cir. 2003).

A court is not required to await the completion of discovery before ruling on a motion for summary judgment, so long as the parties have had an adequate opportunity for discovery.  *Fla. Power & Light*, 893 F.2d at 316.  Additionally, summary judgment may be appropriate when no discovery has been held. *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843 (11th Cir. 1989) (discussing Rule 56(d)'s predecessor Rule 56(f)).  In *Reflectone*, the appellant chose to suspend its discovery efforts pending the resolution of a motion for a protective order, and by the time the opposing party had moved for summary judgment, it had not conducted discovery.  *Id*. at 843.  Moreover, the appellant never alerted the district court that it did not have a sufficient opportunity to conduct discovery.  *Id*. at 844.  The district court then granted summary judgment prior to discovery; the plaintiff argued this was a *per se* violation of Rule 56(d)'s

3

predecessor, rule 56(f). *Id.* In finding summary judgment proper, we stated that "a court may grant summary judgment without parties having conducted discovery if . . . the court has, in valid exercise of discretion, denied such a motion." *Id.* at 844.

The district court did not abuse its discretion in denying Smedley's Rule 56(d) request. First, Deutsche produced a valid notice of default as well as an affidavit attesting to the validity of the notice. Therefore, the district court did not err in finding that the evidence demonstrated the baselessness Smedley's non-TILA and non-RESPA claims. *Reflectone*, 862 F.2d at 844. Second, although Smedley tendered two affidavits in an effort to comply with Rule 56(d), she only denied receiving such a notice. She admitted she sought evidence—contrary to sworn testimony—that such a notice "was never mailed." Third, Smedley only vaguely asserted that the Ocwen's notice was manufactured, without specifying additional facts supporting her allegation, or from where or whom she could procure evidence to prove her allegations. *Fla. Power & Light,* 893 F.2d at 1316. Fourth, regarding her TILA and RESPA claims, based on Deutsche's alleged failure to respond to her QWR, Smedley never alleged facts showing that it was a loan servicer or evidence in the record demonstrating Deutsche was not her loan servicer. Additionally, in her affidavits, Smedley failed to suggest how discovery would uncover relevant evidence supporting those claims.

4

Even if the district court did abuse its discretion, its ruling did not cause "substantial harm to the appellant's case." *Iraola & CIA, S.A.*, 325 F.3d at 1286. Here, the magistrate judge deemed everything in Deutsche's statement of material facts admitted due to Smedley's failure to properly controvert them. Smedley did not challenge the facts before the district court or in her brief on appeal. The magistrate judge and district court also analyzed each of Smedley's eight claims at length and explained why each failed. She does not dispute any of the court's legal conclusions on appeal. In light of these omissions, the district court ruling did not impact or substantially harm her case.

Finally, Smedley's "improper conversion" argument fails for two reasons. First, she did not raise it before the district court, so she cannot do so for the first time on appeal. *Access Now*, 385 F.3d 1331. Second, conversion occurs when a court considers matters outside of the pleadings in a Fed. R. Civ. P. 12(b)(6) motion to dismiss, and thereby "converts" that motion into a motion for summary judgment. *See* Fed. R. Civ. P. 12(b)3; *Trustmark Ins. Co. v. ESLU, Inc*. 299 F.3d 1265, 1267 (11th Cir. 2002). Here, the motion ruled on by the district court was for summary judgment, so conversion did not occur. Moreover, Smedley cites no authority for the proposition that a document originally submitted in support of a motion to dismiss—which is later denied—cannot be relied on, again, at the summary judgment stage.

5

Accordingly, the district court did not abuse its discretion in granting Deutsche and M&C's motion for summary judgment prior to discovery, and we affirm.

**AFFIRMED.**